## STEWART *vs.* THE STATE.

1. Where three are jointly indicted for an assault with intent to murder, but are tried separately, a letter written by one of them to the prosecutor some time before the commission of the assault, showing malice and ill-will on the part of the writer towards the prosecutor, is not admissible evidence against another who, though *particeps criminis* in the assault, is not shown to have had any connection whatever with the writing of the letter, nor to have acted in concert with the writer, nor to have participated in his ill-will towards the prosecutor.

2. But, *it seems,* if the defendants had entered into a conspiracy to kill the prosecutor, and the letter was subsequently written by one of them to bring on the difficulty, or in furtherance of their common design, it would be admissible evidence against all of them; the act of each, in furtherance of the common design, being deemed in law the act of all.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

John Stewart, George M. Gordon, and John Gordon, were indicted (under the Code) for an assault with intent to murder committed on one Nathaniel J. Lilly. The defendant Stewart being on trial alone, "the State was permitted to prove what George Gordon said to Mrs. Lilly (wife of the prosecutor) and one Mrs. Roscoe, during the time the offence charged is alleged to have been committed; said Gordon being indicted with defendant, and the proof showing him a *particeps criminis* with defendant, and defendant being present at the time the words were spoken. To this defendant objected, and his objection being overruled, he excepted. It was proved that the offence was committed at the prosecutor's house in the night-time, his family being present. The State was permitted, also, to make proof of the contents of letters

Stewart v. The State.

written by said George Gordon to the prosecutor some time before the offence charged is alleged to have been committed; which said letters made no allusion or reference to the defendant, nor to the offence charged against him, and alluded only to the prosecutor's wife, and to the conversation and charges made by her against said Gordon, and were in effect and substance as follows : That the wife of said prosecutor had been using offensive language, and making unjust charges against said Gordon, and that he (Gordon) desired the prosecutor to make his said wife hold her tongue and cease talking about him ; that he (the prosecutor) did not know who he was dealing with, and if he had anything against him (Gordon), and wanted satisfaction, he (Gordon) would fight him in any way, from the point of a needle to the point of a cannon. It did not appear in evidence that defendant was in any way concerned in writing said letters, or that he had any knowledge of the writing or sending of them; and they were permitted to go to the jury without any proof of the knowledge or participation of defendant ; to which defendant objected, and his objection being overruled, he excepted."

Other rulings of the court were excepted to during the progress of the trial, which it is unnecessary to state ; the assignments of error cover all the exceptions shown by the record.

S. R. BLAKE and GEO. W. GAYLE, for the plaintiff in error:

The court erred in permitting the State to prove the contents of the letter written by Gordon to the prosecutor some time before the commission of the assault. The acts and declarations of one defendant cannot bind another, unless they were made or done under a concerted plan, and in furtherance of a common object. The mere declarations of the party cannot establish such concert, nor does the mere participation in the assault. The State should have been held to prove the combination or conspiracy, before the previous declarations of one defendant can bind the other.—1 Phil. Ev. 93, 94 ; 1 East's P. C. 96, 97; 2 Stark. Ev. 232, 234, 235; Roscoe's Cr. Ev. 76 ; 6 Term R. 527. The declarations of one defendant, amounting to a mere recital of past events, cannot be admitted to bind another : they must amount to acts in furtherance of a concerted plan and a common purpose, or they must accom-

pany the transaction.—1 Phil. Ev. 95, 97; 2 Stark. Ev. 236. The letter does not appear to have any connection with the transaction, nor with any concerted plan or common purpose; and such connection must appear, either upon the face of the instrument, or by proof *aliunde.*—2 Stark. Ev. 234; Roscoe's Cr. Ev. 79; Foster's C. L. 198; 2 Stark. Cas. 140; Hardy's case, 24 Howell's State Trials, p. 452; 2 Burr's Trial (by Robertson), pp. 538-9; Apthorp v. Comstock, 2 Paige 488; 1 Hawks 442; *Ex parte* Swartwout, 4 Cranch's R. 75; 1 East's P. C. 119; 4 Black. Com. 80.

M. A. BALDWIN, Attorney General, and WILLIAM M. MURPHY, *contra:*

Gordon's letter to the prosecutor did not tend to prove a conspiracy; but it did tend to show the feeling—the design—the malice—the threat of Gordon to commit a felony on Lilly; and afterwards a felony was committed on Lilly by Gordon and others. This letter, then, can be read as an act to show the nature and tendency of the conspiracy alleged, and which, therefore, might be read as the foundation for affecting the prisoner with a share of the conspiracy.—2 Stark. Ev., top p. 235; 1 Green. Ev., § 111; 3 *ib.*, § 93; The People v. Mather, 4 Wend. 261. The distinction is this : After the conspiracy is shown, and the offence committed and proved, that makes the conspirators a unit; and then the letters of any one of them, written to the person upon whom the felony was committed, and in relation to the offence charged, would elucidate the nature of the intent, and would be admissible evidence against all.—4 Wend. 261, *supra;* 2 Esp. Cas. 719. No authority can be found, which, after the conspiracy is proven, excludes the previous acts or declarations of one of the conspirators in relation to the conspiracy; because the proof of the conspiracy makes one act, one offence, and one offender in law. If Gordon was on trial alone, his letter would certainly be admissible against him; and if a conspiracy is shown, in which Stewart was concerned, *he* is Gordon.

CHILTON, C. J.—There is no pretence that the appellant Stewart had any connection whatever with the writing of the letter by Gordon to Lilly, which was read in evidence against

him,—no evidence that he was cognizant of it, or acted in concert with Gordon, or in anywise even partook of the ill-feeling which is evinced by the letter as existing between Gordon and Lilly at the time the letter was sent. Neither does it appear that, at the time when the offence was committed by Gordon, and in which the prisoner participated, anything occurred which could connect the prisoner with this letter by relation. All that does appear is, that Stewart was a "*particeps criminis*,"—that is, as we understand it, the prisoner participated in the assault made upon Lilly by Gordon; but it does not follow from this participation, that he is to be charged with or affected by the wrongful acts of Gordon anterior to that time, which have no connection with the offence intrinsically, and with which he is not shown to have been connected by concert or otherwise. Gordon may have been influenced by the most settled and deadly hostility, and yet the defendant, Stewart, may have acted upon some sudden ebullition of passion, in the absence of all preconceived malicious design. In such case, he might be a *particeps* with Gordon in the assault, and yet not partake of his previous acts evincing his malice. If, however, with a knowledge of this malice on the part of Gordon towards the prosecutor, Stewart entered into a conspiracy with him to kill Lilly, and this letter was written afterwards by Gordon to Lilly to bring on the difficulty, or in furtherance of the common design, then we should not be prepared to hold that it would be incompetent. The rule is, that every person entering into a common design, already formed, is deemed in law a party to all acts done by any of the other parties, before or afterwards, *in furtherance of the common design.*—3 Greenl. Ev., § 93, and cases there cited. This rule, which is generally applicable to the offence of conspiracy, is grounded upon the reason, that by the act of conspiring together, the conspirators have jointly assumed to themselves as a body the attributes of individuality, so far as regards the prosecution of the common design, thus making the act of each a part of the *res gestæ* and the act of all.

But it is very clear, that the acts or declarations of neither party, which occurred before any conspiracy was formed, fall within the principle of admissibility.—3 Greenl. Ev., § 94;

2 Russ. on Crimes (ed. 1853) 696-8; 1 Phil. Ev. (9th ed.) 201; 1 East's P. C., ch. 2, § 37, p. 96; 2 Stark. Ev. 326; Regina v. Murphy, 8 C. & P. 297; Regina v. Shellard, 9 *ib.* 277.

The view which we entertain upon this point shows that the court erred in admitting the proof of the letter written by Gordon to Lilly; and as the other questions which are raised will not likely recur upon another trial, we deem it unnecessary to decide them.

Let the judgment be reversed, and the cause remanded.