[Davis *v.* State.]

# Davis *v.* The State.

*Indictment for Arson.*

1. *Arson in first degree; what sufficient finding to authorize sentence for.* — The first of the three degrees of arson is the only one on conviction of which the jury is authorized to affix imprisonment in the penitentiary; and a general verdict of guilty, returned on an indictment charging arson in the first degree in a single count, and affixing imprisonment in the penitentiary, is therefore sufficient to authorize sentence for that offence, although the verdict does not expressly state the degree of which defendant is convicted.

2. *Same; property, in whom laid.* — Although the building burned is situated on the premises of another, the ownership is properly laid in the name of a servant who dwelt in the house, the owner having given her possession for that purpose under a contract of hiring which bound him to do so as long as she remained in his service.

APPEAL from Circuit Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

The opinion states the case.

JOHN McCASKILL, for appellant. — The ownership was improperly laid. *Cowan's case*, in 2 East Pleas Crown, 1023; Bishop Crim. Law, § 39. The verdict of the jury did not respond to the issue, and the motion in arrest of judgment should, therefore, have been granted.

JOHN W. A. SANFORD, Attorney General, *contra*, cited 2 Russ. on Crimes, 564; 1 Bish. Crim. Proc. § 721.

BRICKELL, C. J. — Arson at common law was the malicious and wilful burning of the house or outhouse of another. It was peculiarly an offence against property, and its possession. Therefore the burning one's own house, of which he had possession, was not arson; though if the house was in a town, or so near to the houses of others as to endanger them, it was a high misdemeanor. 2 Russ. Crimes, 548. The statutes not only enlarge the subjects of arson, but it is a felony, or a misdemeanor, visited with punishment differing in severity, according to the circumstances attending the act, and the character of the subject. It is divided into three degrees, — the first having reference specially to the protection of human life, the second to the character of the thing to which fire is set, or which is burned, the third essentially to the protection of property merely. The first may be punished capitally, the second by imprisonment in the penitentiary for a term not less than two nor exceeding ten years, and the third by fine and imprisonment, or hard labor for the county, for a period not exceeding twelve months. R. C. §§ 3697–8–9.

The indictment against the appellant pursues the form pre-

scribed by the Code, and charges arson in the first degree, by the wilful setting fire to, or burning in the night-time, the dwelling-house of Jennie Pharr, in which there was, at the time, a human being. R. C. p. 811.   On a conviction for arson in the first degree, the jury are required to determine the punishment, subject only to the restriction that it shall not be less than hard labor for the county, or imprisonment in the penitentiary for a term of ten years.   Arson in the second degree is punished by imprisonment in the penitentiary, or hard labor for the county, but the court, not the jury, fixes the term ; and arson in the third degree is not punishable by imprisonment in the penitentiary.   The jury having returned a general verdict of guilty, not expressing the degree of the offence, but affixing ten years' imprisonment in the penitentiary as the punishment, the defendant moved in arrest of judgment, because the jury had not found the degree of the offence. The indictment contains a single count, charging specifically every fact necessary to constitute the offence of arson in the first degree.   The verdict is of guilty, and the punishment is by the jury affixed at ten years' imprisonment in the penitentiary.   This verdict is necessarily an ascertainment of the degree of the defendant's guilt as certainly and expressly as if the jury had declared in so many words that arson in the first degree was the offence found by them.   For no other offence could they have affixed punishment by imprisonment in the penitentiary.   A verdict which clearly and unambiguously, without reasonable doubt, informs the court of the result and extent of the finding of the jury, is sufficient.   There was no error in overruling the motion in arrest of the judgment.   The question is analogous to that presented by a verdict on an indictment for murder, not expressly finding the degree of crime.   The statute expressly requires that the jury must in express terms declare by their verdict whether the defendant is guilty of murder in the first or second degree ; and if the defendant should plead guilty, a jury must nevertheless be empanelled to determine the degree of the crime. R. C. § 3657.   No such requirement is made in reference to arson.

In an indictment for arson under the statutes, as at common law, the ownership of the house burned must be alleged, and proved as laid.   *Martha* v. *State*, 26 Ala. 72.   The house burned is laid in the indictment as the property of Jennie Pharr.   The evidence disclosed that it was situate on the premises of one Alford, to whom Jennie was hired as a servant at monthly wages, under a contract by which Alford was bound to furnish her a house in which to live ; that he had placed her in the possession of this house, and she was occupying it

as her dwelling, when the offence was committed. The circuit court ruled that the ownership of the house was properly laid in Jennie, under this state of facts, and we concur in that opinion.

In the case of *The People* v. *Van Blaicum* (2 Johns. 105), it is held, if one be indicted for burning the dwelling-house of another, it is sufficient if it be, in fact, the dwelling-house of such person. The court will not inquire into the tenure or interest which such person has in the house burned. It is enough that it was his actual dwelling at the time. In 1 Bish. Cr. Pro. § 573, the rule is stated to be that the house must be laid to be the dwelling-house of the real occupier. Jennie Pharr, in whom ownership is laid by the indictment, under the evidence, had a right to use and occupy the house, during her term of service. Alford was bound to furnish her a house, and the stipulation of the contract in this respect was as obligatory on him as the payment of her wages. Her occupancy was then not merely permissive, but founded on a valuable consideration, the equivalent of rent to a landlord. It was in her own right, as a tenant, for her own benefit, and not for the mere convenience or use of her employer. 2 Whar. Cr. Law, § 1579. The ownership was therefore properly laid in her, and not in her employer, whose right was not to the immediate use and occupation, but was in reversion, on the expiration of her term of service.  The judgment is affirmed.