# Carleton *v.* The State.

*Indictment for Assault with Intent to Rob or Murder.*

1. *Indictment—demurrer to.*—The action of the primary court upon a demurrer to an indictment will not, ordinarily, be revised on appeal when the only evidence of such ruling is the recital in the bill of exceptions.

2. *Same.—allegation of different intents in same count and in separate counts.*—Where, as under sections 4338 and 4385 of the Code, offenses of the same character and subject to the same punishment may be

VOL. C.

[Carleton v. The State.]

committed with different intents, such intents may be alleged in the same count in the alternative; they may, also, be alleged in separate counts of the same indictment.

3. *Same.—election.*—When an indictment contains one count charging in the alternative, that an offense was committed by different means, or with different intents, or where the indictment charges in separate counts offenses which may properly be joined in the same indictment, the introduction by the prosecution of evidence in support of one alternative or count will not amount to an election; the doctrine of election does not apply, in such cases, until after there has been an election by the prosecution under each alternative charge or separate count.

APPEAL from Jefferson Criminal Court.
Tried before the Hon. SAMUEL E. GREENE.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of an assault with intent to rob. There were two counts in the indictment, the first charged that the assault was made with the intent to rob, and the second, that it was made with the intent to murder. The action of the primary court upon a demurrer to an indictment ordinarily will not be revised by this court, when the only evidence of its existence and the action of the court thereon is the recital in the bill of exceptions. 3 Brickell p. 78, §§ 6 and 7. Such is the condition of the record before us. We would have no hesitation in declaring, however, if the question had been properly raised, that the ruling of the court as recited in the bill of exceptions, was free from error. Section 4338 of the Criminal Code provides that "when an offense may be committed with different intents, such intents may be alleged in the same count in the alternative," and by section 4385 it is declared, "when offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative." What may be charged in one count of an indictment in the alternative, may certainly be charged in two separate counts of the same indictment. 1 Brick. Dig. p. 500, par. 750-753 inclusive. *Johnson v. The State,* 29 Ala. 62; *Beason v. The State,* 72 Ala. 191.

There was no error in receiving the evidence in support of the second count, after evidence had been introduced in support of the first count. The very purpose for framing the indictment with two or more counts, was to prevent the application of the doctrine of election. When there is but one count charging a single offense, the law presumes, the

[Nicholson v. The State.]

defendant comes to trial prepared to meet the single charge, and the prosecution will not be permitted after once having elected, to introduce evidence of another and different offense; but where the indictment charges that the offense was committed by different means, or with different intents in the alternative, or where the offenses are of that character which may be joined in the same indictment, in different counts, the defendant is fully informed of the cause of the prosecution, and the doctrine of election does not apply until after there has been an election by the prosecution under each alternative charge, or separate count. *Beason's* case *supra; Elam v. The State*, 26 Ala. 48.

There is no error in the record, and the judgment must be affirmed.

Affirmed.