# Sampson v. The State.

*Indictment for Retailing Liquor, etc., Without a License.*

1. *General verdict under indictment charging different offenses.*—On a conviction under an indictment charging different offenses, properly joined under the statute, it is not necessary that the jury should express, *ipsissimis verbis,* the offense of which they find the defendant guilty, but, if the duty of fixing the punishment rests with the jury, and, in discharge of such duty, they fix, by their verdict, a punishment appropriate to only one of the offenses charged, it is equivalent to an express finding that the defendant is guilty of that particular offense.

2. *Same.*—Under Code 1886, § 3892, providing that one carrying on a business without taking out the statutory license must be fined three times the amount of the state license, a verdict, on a trial under an indictment for selling malt liquors without a license, which finds defendant guilty, and assesses his fine at $375, is sufficiently definite, where the statute requires a dealer in malt liquors to pay a state license of $125, while a dealer in lager beer exclusively is required to pay only one-third of such license.

3. *Code 1886. § 4385.*—Section 4385, Code 1886, authorizes the joinder, in the same count of an indictment, of offenses which at common law could only be joined in separate counts.

4. *Objection to organization of Grand Jury.*—Where it appears, in a criminal case, that Anderson J. Job was drawn and summoned as a grand juror, and *Andrew* J. Job was empanelled as a grand juror and participated in the finding of the indictment, no objection can be taken to the indictment, by plea or otherwise, on that account, since the Code, § § 4445 and 4446, limits objections to the legal qualifications of grand jurors to the single ground that the jurors were not drawn in the presence of the officers designated by law.

Appeal from the Circuit Court of Marshall.

Tried before the Hon. J. A. Bilbro.

[Sampson v. The State.]

O. D. STREET, for the appellant.—The indictment charges two separate and distinct offenses, having differ-ent punishments. (1) Engaging in the business of a retail dealer in spirituous or vinous or malt liquors oth-er than lager beer. (2) Engaging in the business of a retail dealer in lager beer exclusively. The punishment for the first of these offenses is a fine of $375. and of the second a fine of only one fourth of this amount. The fine in both cases being absolute and fixed by law. Code Sec. 3892, Sec. 629,Sub. Div. 3.

The rule is well settled in criminal practice that where two or more separate and distinct offenses having differ-ent punishments are charged in the same indictment in the same or separate counts the verdict of the jury must show upon which charge the defendant was found guilty. —*State v. Givens*, 5 Ala. 747; *White v. State*, 74 Ala. 31; *Kilgore v. State*, 74 Ala. 9.

It may be conceded however that it is not necessary that the jury should express *ipsissimis verbis* the offense of which they find the defendant guilty. If the duty of fixing the punishment for the offense charged rests with the jury, and in the discharge of their legal duty they fix by their verdict a punishment appropriate to only one of the offenses, this is equivalent to an express find-ing that the defendant is guilty of that particular offense. —*Davis v. State*, 52 Ala. 357.

But this can be true only when the jury in fixing the punishment is acting under the sanction of a duty impo-sed upon them by law and which they are sworn faith-fully to discharge. If it is the duty of the court in the particular case to fix the punishment, or if the punish-ment is absolute and fixed by law and follows as a legal consequence from a verdict of guilty, the jury acts out-side the issues submitted to them when they undertake to fix the punishment. Being therefore *ultra vires*, and not done under sanction of law, or of their oaths, the fixing in such cases of a particular punishment can form no proper basis for any intendments or presumptions to give certainty to an otherwise uncertain or insufficient verdict. The rule is well settled that the verdict of a jury cannot be aided by intendment, or by reference to extrinsic facts, lest it becomes the act of the court instead of the jury.—*Sewall vs Glidden*, 1 Ala. 52; *Alexander v. Wheeler*, 69 Ala. 332; *St Clair v. Caldwell*, 72 Ala 527; *Clay v. State*, 43 Ala. 353.

Our statute (Code § 4499), which provides that "in prosecutions by indictment the jury shall fix and determine the amount of the fine," manifestly does not apply to a case like the present when the amount of the fine is fixed and determined by statute and over which the jury have no control whatever. The punishment follows as a matter of law upon a verdict of guilty. It was accordingly held at an early day in this State under a statute (Clay's Digest, p. 247, Sec. 1, and p. 441, Sec. 21) substantially the same as Sec. 4499 of the Code, that "the assessment of the fine in cases of this character by the jury was mere surplusage and is no basis for the court to act on. The case is as if the jury had not assessed the fine." *Hirschfelder v. State,* 18 Ala. 116.

This statute was substantially re-enacted several times after this decision, and was re-affirmed by the Supreme Court in 1875 when the statute was expressed in identically the same language as at present.—R. C. § 3757; *McPherson v. State,* 54 Ala. 225.

Since the latter decision the statute has been twice re-enacted in precisely the same words. It must, therefore, be regarded as the settled construction of this Statute, both by judicial and legislative adoption, that in cases of prosecution for engaging in a business without license where the fine is fixed by statute the jury have nothing to do with fixing and determining the fine and any assessment by them of a fine is mere surplusage and can form no basis for the court to act on. It follows from an application of these principles to the present case that the verdict of the jury was insufficient, that the unauthorized assessment by the jury of a fine appropriate to only one of the offenses charged did not give certainty to their finding and that therefore defendants motion for an arrest of judgment should have been sustained.

Wm. C. Fitts, Attorney-General for the State.—See Code 1886, § 4445; *Kilgore v. State,* 74 Ala. 1; *McPherson v. State,* 54 Ala. 222; *Harris v. State,* 50 Ala. 127; *Lemons & Martin v. State,* 50 Ala. 131; *Abel v. State,* 90 Ala. 631; *Cast v. State,* 96 Ala. 60; *Spicer v. State,* 16th So. Rep. 706.

HEAD, J.—The indictment in this case charges that

the defendant engaged in, or carried on, the business of a retail dealer in spirituous, vinous or malt liquors at a place not in any city, town or village, without a license and contrary to law. On this indictment the jury rendered the following verdict: "We, the jury, find the defendant guilty as.charged in the indictment, and assess his fine at $375.00." The appellant moved the trial court to arrest the judgment, and assigned the following grounds:

1st. The indictment charges, in the disjunctive, two or more offenses, and the verdict of the jury is a general finding of guilty as charged in the indictment.

2nd. The verdict fails to show what offense the jury found the defend·ant guilty of.

· 3rd. The verdict is insufficient to uphold a judgment of conviction in this: the finding of the jury is general— guilty as charged in the indictment—without specifying which offense they found him guilty of, while the indictment charges more than one offense, the punishments of which are different.

The court overruled the motion, and its ruling is assigned as error.

Section 629, subdiv. 3, Code of 1886, provides that the State license for retailing spirituous, vinous or malt liquors in any city, town, village, or any other place of less than one thousand inhabitants, shall be one hundred and twenty-five dollars; but that dealers in lager beer, exclusively, shall be charged one-fourth of the above rates.

Section 3892 of the Code, 1886, provides that any person who, after the 15th day of January in any year, engages in, or carries on any business for which a license is required, without having taken out such license, must, on conviction be fined three times the amount of the State license. The fine then for engaging in or carrying on the business of a retail dealer in vinous, spirituous or malt liquors, otherwise than as a dealer in lager beer exclusively, is fixed at three hundred and seventy-five dollars (three times State license), while the fine for dealing in lager beer, exclusively, is fixed at one hundred and twenty-five dollars (three times State license). The verdict ·shows then with sufficient certainty the offense of which the jury found the defendant guilty.—*Davis v. State*, 52 Ala. 357. Malt liquor is a

broader term than lager beer, and includes other bever-
ages, as ale and porter. The fine for dealing in either
of the latter two liquors without a license would be $375.
To charge a person then with engaging in or carrying
on the business of a retail dealer in malt liquors is not
the same thing as to charge him with dealing in lager
beer, exclusively. Conceding that, under the indict-
ment in this case, the defendant could have been con-
victed of dealing in lager beer, exclusively, the fine for
that offense is absolutely fixed by law, and when assessed
by the jury would indicate with as much certainty the
finding of the jury on the facts as if they had made a
special finding. It is conceded by appellant, that it is
not necessary that the jury should express, *ipsissimis
verbis,* the offense of which they find the defendant
guilty, and that if the duty of fixing the punishment for
the offense charged rests with the jury, and, in discharge
of their legal duty, they fix by their verdict, a punish-
ment appropriate to only one of the offenses charged,
this is equivalent to an express finding that the defend-
ant is guilty of that particular offense. The principle
is decided in *Davis's Case,* 52 Ala. 357. Section 4385,
Code of 1886, authorizes the joinder, in the same count,
of offenses which at common law could only be joined in
separate counts. See cases cited in note to section 4385.
The decisions there as to general verdicts, where the
indictment contains two or more counts, are applicable
to this case. In *Crawley's Case,* 37 Ala. 152, the follow-
ing language is used : "After an elaborate and careful
review of the authorities we feel safe in announcing the
conclusion, that two offenses committed by the same
persons may be included in the same indictment, where
they are of the same general nature and belong to the
same family of crimes ; and where the mode of trial and
nature of punishment are also the same ; and also that
a general verdict of guilty where such offenses are joined
is no ground for an arrest of judgment, or of error,
when the sentence pronounced does not impose a greater
punishment than is prescribed for one offense."—See
also *Johnson's Case,* 29 Ala. 62; 1 Brick. Dig. p. 500;
*Johnson's Case,* 50 Ala, 456 ; *Mooney's Case,* 8 Ala. 328 ;
*Ward's Case,* 22 Ala. 16 ; *Wooster's Case,* 55 Ala. 217 ; 1
Bish. Crim. Procedure (3d Ed.), §§ 450 to 453, inclu-
sive. We have carefully examined the authorities cited

by appellant, and find them not inconsistent with the views herein expressed.

The only other question, raised for the first time in this court, is on the organization of the grand jury. It appears from the record that Anderson J. Job was drawn and summoned as a grand juror, and Andrew J. Job was empanelled as a grand juror, and participated in the finding of the indictment. Section 4445, Code of 1886, provides that no objection can be taken to an indictment, by plea in abatement, or otherwise, on the ground that any member of the grand jury was not legally qualified, or that the grand jurors were not legally drawn or summoned, or on any ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law. See also section 4446. See cases cited in note to section 4445; also 89 Ala. 40 ; 82 Ala. 68 ; 83 Ala. 9.

Affirmed.