# Compton *v.* The State.

*Indictment for Murder.*

1. *Organization of grand jury; when no irregularity shown.*—Where in the organization of a grand jury, some of the persons who were summoned to serve as grand jurors do not appear, and from other persons duly summoned in their stead, a sufficient number are drawn to complete the grand jury, and the grand jury as thus completed is duly impannelled, sworn and charged according to law, if before the retirement of the grand jury, but after its organization, one of the persons who had been summoned and failed to appear at the organization, came into court and was duly sworn as a grand juror, and then the court, discovering that the proper number for the jury had been previously impannelled, excused said belated juror from serving on the grand jury, there is no vitiating irregularity in the organization of such grand jury; and the fact that the belated juror was sworn as a grand juror, and afterwards excused, was a mere superfluous act, which did not invalidate the grand jury as previously organized.

2. *Homicide; inadmissible evidence.*—On a trial under an indictment for murder, evidence that the deceased had said to a witness the day before the killing, that the defendant had told "a damn lie," and that such witness told the defendant of such statement before the fatal difficulty, is inadmissible in evidence; such statement not constituting a threat, and being too remote to justify the assault which the evidence showed was afterwards made by the defendant on the deceased.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

The appellant, Lucian Compton, and Brash Snead were jointly indicted for the murder of one Chap Browning, by shooting him with a pistol. There was a severance, and on the trial of the appellant, Lucian Compton, at the Spring Term, 1896, of the circuit court of Marshall county, he was convicted of murder in the second degree and sentenced to the penitentiary for seventeen years. This is the second appeal in this case, the report of the case on the first appeal being found in 110 Alabama 24.

After the rendition of his verdict, the defendant moved for an arrest of judgment, upon the following grounds:

[Compton v. The State.]

1st. That the grand jury which found the verdict was an illegal body, in that one George Hendricks, one of the persons drawn and summoned as a grand juror, appeared in obedience to said summons, and after being duly empannelled as a grand juror, was, on motion or suggestion of the solicitor, discharged and not allowed to participate in the proceedings of said body.  2d. Because at the organization of the grand jury, which preferred the indictment against the defendant, fifteen. persons, who had been drawn and summoned, and who were duly qualified to serve as grand jurors, had appeared and were sworn and were placed upon the grand jury, and the court, without the authority of law, placed upon the grand jury two other persons who were summoned as talesmen, and then discharged, without reason, one George Hendricks, one of the persons regularly drawn, summoned and sworn upon the grand jury. The facts upon which this motion was made are sufficiently stated in the opinion.  The motion. was overruled, and the defendant duly excepted.  The facts pertaining to the ruling upon the evidence which is reviewed on the present appeal, are sufficiently stated in the opinion.  It is unnecessary to set out in detail the charges refused to the defendant.

O. D. STREET, for appellant.—The motion in arrest of judgment should have been sustained.—*Ramsey v. State*, 113 Ala. 49 ; *Peters v. State*, 98 Ala. 38.

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—1.  The motion in arrest of the judgment, was properly overruled.  The minute entry shows, that two of the persons, one of whom was George Hendricks, who had been drawn and summoned to serve as grand jurors, did not appear, and two others appearing, were excused by the court.  The sheriff was ordered to summon four persons from the qualified citizens of the county,—twice the number necessary to complete the grand jury,—and he did summon four such persons, all of whom were found to be competent.  Two from this number were drawn, and with the others present, were duly empannelled, sworn and charged according to law as grand jurors, and retired in charge of

a sworn bailiff. Before their retirement. said George Hendricks appeared, and was duly sworn as a grand juror; but, on suggestion of the solicitor, said Hendricks was excused from serving as such grand juror. The grand jury had been duly organized, sworn and charged, with the proper number to compose it, before Hendricks appeared. The fact that he was sworn as a grand juror, and excused and not allowed to serve, was, at most, a mere superfluous act, of no vitiating effect. on the jury as organized.—Code of 1886, · § 4445; Code of 1896, § 5269; *Billingslea v. The State,* 68 Ala. 486; *Sampson v. The State,* 107 Ala. 76; *Linehan v. The State,* 113 Ala. 70.

2. The defendant offered to prove by John Snead, a conversation he, the witness, had with the deceased, on Sunday morning before the killing, which occurred on Monday, in which conversation deceased said, the defendant had told "a damned lie," of which statement, the witness told defendant before the fatal difficulty. This conversation was in reference to some tales which deceased was represented as having told on the wife of one Brash Snead, the brother of the witness, which deceased denied making, and for the circulation of which, it seems, deceased understood the defendant was in some way responsible. There was no error in excluding the evidence. It was not a threat, and was too remote to justify, in any sense, the assault afterwards made by defendant on deceased.

3. This case is here on the second appeal. It appears again on substantially the same facts and questions, so far as the law of homicide goes, as on the former appeal, when every material question of law, as applicable to the case was decided. On the present trial, the court was asked to give its general charge in writing, which it did in a very lengthy, clear and correct charge, covering, so far as. we see, every material question in the case. After this, the defendant requested the court to give eighty-four written charges, thirty-eight of which were given, and forty-six refused. It would be a laborious and profitless task to review the refused charges. They are either abstract, argumentative, calculated to confuse and mislead the jury, or find substantial duplication in the others given for the de-

[Cunningham v. The State.]

fendant. If some of those refused were free from error, we are satisfied that no injury resulted therefrom to the defendant.

Affirmed.

BRICKELL, C. J., dissenting.