# Graham v. The State.

## Violating Prohibition Law.

(Decided May 30, 1912.   59 South. 227.)

1. *Indictment and Information; Joinder of Counts.*—Where the first count in an indictment charged the unlawful sale of liquor without license, and the second charged the keeping for sale, offering for sale, or otherwise disposing of such liquor, the State was entitled to offer proof of one illegal sale under each count, and ask for a conviction for an illegal sale under   each count, and if the evidence warranted it the jury could convict under both counts.

2. *Appeal and Error; Harmless Error; Instruction.*—Where the indictment charged in separate counts the illegal sale of prohibited liquors, and the keeping for sale or offering for sale of such liquors and the evidence showed two sales, and the jury returned a verdict acquitting the defendant as to the first count, but convicting as to the second count, it could not be said as a matter of law that they did not convict for an illegal sale rather than an unlawful keeping for sale, and hence, the error in refusing to charge that the jury could not convict for a sale to any other person than the one named in the indictment could not be said to be harmless.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

F. M. Graham was convicted of violating the prohibition law, and he appeals.   Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

DE GRAFFENRIED, J.—1. In this case the defendant was charged in the first count of the indictment with an *illegal sale* of intoxicating beverages. In the second count of the indictment it was charged that he sold, kept for sale, offered for sale, or otherwise disposed of intoxicating beverages.

For the purpose of asking a conviction of an illegal sale under the first count of the indictment—the only offense charged in that count—the state had a right to offer evidence tending to show *one illegal sale.* For the purpose of asking a conviction of an *illegal sale* under the second count of the indictment—one of the offenses charged in that count—the state had a right to offer evidence tending to show *another* illegal sale. This the state did, for it offered evidence tending to show that on two *separate* occasions the defendant sold intoxicating liquor to one Hartraft, and that the two sales were made within 12 months before the finding of the indictment. The state offered no evidence that the defendant *sold* intoxicating beverages to any person except to Hartraft during the period covered by the indictment.

The above being the condition of the evidence, the state had a right to ask at the hands of the jury a conviction of the defendant of an illegal sale of intoxicating beverages as charged in the first count of the indictment, and it also had a right to ask the jury to convict the defendant of an illegal sale of intoxicating beverages under the second count of the indictment.—*Untreinor v. State,* 146 Ala. 133, 41 South. 170.

Not only is the above true, but the jury had a right in this case, if they believed from the evidence beyond a reasonable doubt that the defendant sold prohibited liquor to Hartraft on two occasions within 12 months before the finding of the indictment, to convict him of an illegal sale of such liquor under the first count and also

of an illegal sale of liquor under the second count. In other words, the jury had the right to say by their verdict that they found the defendant guilty of an illegal sale of prohibited beverages as charged in the first count of the indictment, and also that they found him guilty of an illegal sale of prohibited beverages as charged in the second count of the indictment.—*Untreinor v. State,* 146 Ala. 133, 41 South. 170.

The jury, in this case, returned a verdict of not guilty as to the first count of the indictment, and we know that they acquitted the defendant of the illegal sale of liquor charged in the first count of the indictment, but they returned a general verdict of guilty as to the second count of the indictment, and we do not know, as matter of law, that they did *not* convict the defendant of the illegal *sale* charged in the second count of the indictment. The second count of the indictment charges, as we have already stated, that the defendant "sold, kept for sale, offered for sale, or otherwise disposed of" prohibited beverages, and, as there was evidence in the case authorizing a conviction of the defendant of either an *unlawful sale* or an *unlawful keeping for sale* of such liquors, we are not able to say, as matter of law, that the verdict of guilty under the second count is referable only to the evidence tending to show the "unlawful keeping for sale" and not to the "unlawful sale." As this is true, we are not able to say that the trial court did not commit reversible error in refusing to charge the jury, at the written request of the defendant, that the defendant could not be convicted of an *unlawful sale* of prohibited liquors unless they believed from the evidence beyond all reasonable doubt that the defendant sold it *to Bert Hartraft,* and that, under the evidence, they were not authorized to convict the defendant for selling the prohibited liquors *to any other*

*person*. The charge to which we make specific reference is written charge No. 17, which the court refused to give to the jury at the request of the defendant. While the verdict of the jury in acquitting the defendant under the first count of the indictment, which charges simply an illegal sale, and in convicting him under the second count of the indictment, which charges, in the alternative, an illegal sale, keeping for sale, offering for sale, or otherwise disposing of prohibited beverages, is strongly persuasive of the conclusion that the defendant was convicted of unlawfully keeping liquors for sale instead of an unlawful sale of such liquors, we cannot know that the jury convicted him of unlawfully keeping prohibited liquors for sale, and therefore cannot so hold as matter of law. The first sale testified to by Hartraft was made at a time when, according to the tendencies of some of the defendant's evidence, Hartraft was drunk, and it may be that the jury referred this first sale to the first count of the indictment, and, proceeding upon the theory that he was drunk at the time of the first alleged sale, concluded to discard his testimony as to the first sale and therefore acquit the defendant under the first count and to accept his testimony as to the other sale—at a time when there was no testimony tending to show that he was not sober—and therefore convict him of the *sale* alleged in the second count.

2. For the guidance of the court on the next trial of this case, we refer to the opinion of this court in the case of *Allison v. State,* 1 Ala. App. 206, 55 South. 453, and the case of *Untreinor v. State, supra.*

Reversed and remanded.