# *Ex Parte* State, *in re* Brooms *v.* The State.

### Violating Prohibition Law.

(Decided October 19, 1916.  73 South. 35.)

1. **Indictment and Information; Joinder of Counts; Election.**—The provision of § 7151, Code 1907, does not affect the doctrine of election, the doctrine remaining the same whether several offenses be charged in one count, or in different counts, provided the indictment as a whole only attempts to charge one act which may constitute one or more of several offenses, and an indictment thereunder charges one wrongful act as one or the other of two or more offenses, and not the commission of all the offenses named in the alternative.

2. **Same; Different Offenses; Election.**—Where an indictment charges several different acts, each of itself an offense, there can be no election as to

[Ex Parte State, in re Brooms v. The State.]

which count the state will proceed upon for a conviction, but in such a case, the state may proceed to a conviction under each and all acts if it can make the proof.

3. **Same; Separate Counts; Election.**—Where only one transaction is alleged, whether in separate or alternative counts, the defendant should not be put on trial as to a transaction not charged, but the prosecution should be confined to proof of the transaction charged, although evidence presenting it in different phases is allowable under the allegation.

4. **Criminal Law; Verdict; Aider by Extrinsic Facts.**—A verdict cannot be aided by intendment or by reference to extrinsic facts, as it becomes the act of the court and not that of the jury.

5. **Same; Election; Discretion.**—The doctrine of election in misdemeanor cases is largely discretionary with the trial court, but this discretion is judicial and reviewable on appeal.

6. **Indictment and Information; Joinder of Counts; Election.**—The purpose of joining several counts in the indictment, or of charging several offenses in the alternative in one count, authorized by § 7151, Code 1907, is to allow proof under each or all of the counts, or alternative, and thus avoid the doctrine of election to that extent.

7. **Same; Proof.**—Where several counts or several alternatives refer to but one transaction, and are intended to meet different phases of the evidence, proof of transaction not charged or intended to be charged, is not permissible.

8. **Same; Single Count; Election; Proof.**—Where there is but one count charging a single offense, the law presumes that defendant comes to trial prepared to meet the single charge, and the state, having once elected, will not be permitted to introduce evidence of another and different offense.

9. **Same.**—Where the indictment charges an offense committed by different means, or with different intent in the alternative, or where the offenses are such that they may be joined in different counts in the same indictment, the defendant is fully informed of the charges, and the doctrine of election does not apply until there has been an election by the state under each alternative charge or separate count.

10. **Same.**—The court will not exercise its power to compel an election unless it appears either from the indictment or the evidence that an attempt was made to convict defendant on two or more offenses growing out of separate and distinct transactions.

CERTIORARI to Court of Appeals.

Application by the State of Alabama for certiorari to the Court of Appeals to review and revise the judgment of said court, reversing and remanding the appeal of Hugh Brooms against the State, 15 Ala. App. 72 South. 691. Application denied.

WILLIAM L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State. BALDWIN & MURPHY, for appellee.

[Ex Parte State, in re Brooms v. The State.]

ANDERSON, C. J.—I think that the holding of the Court of Appeals is correct, and the writ should be denied. I think that, when an indictment contains several counts, there would be no election and proof, and a conviction can be had under each count. When, however, an indictment contains a single count and a single charge, there cannot be proof of but one offense, but if in a single count several offenses are charged in the alternative, or the same offense is alternatively charged as having been committed in different ways, there may be proof of each alternative, but after the state closes its evidence the defendant can require an election as to the alternative upon which it will seek a conviction.—*Scruggs v. State,* 111 Ala. 60, 20 South. 642.

MAYFIELD, J.—(concurring).—I concur in denying the application of the state for certiorari in this case, but do not desire to commit myself to the proposition that the defendant, in all cases in which he is properly charged with several misdemeanors in the alternative, in one count of the indictment, has the right to require the state to elect as to which of the offenses so charged it will seek a conviction.

(1-3) Section 7151 of the Code authorizes two or more offenses to be so charged in one count; while at common law each count was required to state but one offense, though several offenses of the same character could be joined in one indictment. The statute, however, does not affect the doctrine of election; it remains the same whether several offenses be charged in one count or in different counts, provided, however, the indictment as a whole only attempts to charge one act, which may constitute one or more of several offenses. Where an indictment charges several different acts, and each of itself constitutes an offense, then there can be no election as to which count the state will proceed upon for a conviction; but the state in such case, having charged several offenses, and charged that each was based on different facts or acts, may proceed to conviction under each and all, if it can produce the proof. No such offenses can be charged in one count, and an attempt to do so would render the indictment bad on demurrer. The statute only authorizes two or more to be charged in one count, in the alternative, not in the conjunctive. An indictment under the statute charges one wrongful act or transaction, but charges that it was one or the other of two or more offenses, not that it was all of the offenses named in the alternative, that was committed. In such case, if the state at-

tempts to prove more than one separate and distinct transaction, and seeks a conviction as for all this is not allowable; but the defendant may require the state to elect as for which transaction it will seek a conviction. This for the reason that only one transaction was alleged, and it was alleged to constitute one or the other of the offenses charged in the alternative. It was not alleged that all were committed, but one of the several. The allegations in such cases are like those where the indictment contains several counts, but each count describes or refers or relates to but one transaction, and the several counts are so framed as to meet the various phases or tendencies of the evidence as to the transaction alleged. Several counts in such cases are to some extent unlike those where several distinct and separate transactions are alleged or described in separate counts, each charging not only a separate crime, but a separate and distinct transaction. In such case the prosecution, of course, could offer evidence as to each transaction, though separate and disconnected, but could not have a conviction as for several offenses; but if only one transaction is alleged or indicted, whether in separate counts or in alternative counts, only the one indicted should be inquired into; the defendant ought not to be put on trial as to a transaction or matter of which he was not charged. In such case the prosecution ought to be confined to proof of one transaction, because only one is charged; but evidence which presents it in different phases ought to be allowed, because it is so alleged.

The true rule as to the doctrine of election has probably never been more fully nor better stated than by BRICKELL, C. J., in *Wooster's Case*, 55 Ala. 217. In that case several misdemeanors were joined, but joined in separate counts; and it was there said: "There was, however, no misjoinder of counts. The rule to which the counsel of appellant refers, extracted from former decisions of this court—that two offenses committed by the same person may be included in the same indictment, in different counts, only when they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and nature of punishment are also the same—obtains only in cases of felony. In such cases no objection to the indictment for a misjoinder can be made by demurrer. A motion to the court to compel an election of the counts on which a conviction will be sought is the only right of the accused.—1 Arch. Cr. Pl. & Pr. 84, 95. The motion will always be granted, or the court, of its own mo-

tion, will interfere, by quashing the indictment, when an attempt is made, as manifested either by the indictment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate transactions. The court ought not and will not interpose when the joinder is intended and calculated to meet the different aspects in which the evidence may present a single transaction, or a single offense.—*Mayo v. State,* 30 Ala. 32. This practice of compelling an election, or of quashing the indictment, if there was failure or refusal to elect on which count or counts a conviction would be claimed, never prevailed in reference to misdemeanors.—I Arch. Cr. P. & Pr. 94, 95, 1 Bish. Cr. Pr. §§ 448, 449, 452; 1 Wharton's Am. Cr. Law, 414; *Kane v. People,* 8 Wend. (N. Y.) 203; *Commonwealth v. Birdsall,* 69 Pa. 482 [8 Am. Rep. 283]. It is, of consequence, a general rule of the common law, prevailing here in the absence of a statute changing it, that 'two or more misdemeanors, growing out of separate and different transactions, may in different counts be joined in the same indictment.'—1 Bish. Cr. Pr. § 452; 1 Whart. Am. Cr. Law, § 414; 1 Arch. Cr. Pl. & Pr. 94, 95; *People v. Costello,* 1 Denio (N. Y.) 90; *Kane v. People, supra; Commonwealth v. Gillespie,* 7 Serg. & R. (Pa.) 469, 10 Am. Dec. 475. The court in cases of such joinder should doubtless exercise great care to protect the accused from embarrassment in his defense. But there is no legal objection to it. Here the offenses were of the same nature, and the joinder may have been necessary to meet the varying phases of the evidence. It would be difficult to affirm that the rule applicable in indictments for felonies would have required the court to interpose, either by compelling an election, or by quashing the indictment. The two offenses are of the same nature, and are so near akin that a joinder may be necessary to the due administration of the criminal law. The case of *Norvell v. State,* 50 Ala. 174, is in conflict with our views, and must be overruled."

In *Sampson's Case,* 107 Ala. 76, 18 South. 207, the offenses were charged in the alternative in one count, and a general verdict was held good, if supported by either alternative. It was there held that: "On a conviction under an indictment charging different offenses, properly joined under the statute, it is not necessary that the jury should express ipsissimis verbis the offense of which they find the defendant guilty, but, if the duty of fixing the punishment rests with the jury, and, in discharge of such duty, they fix by their verdict a punishment appropriate to

only one of the offenses charged, it is equivalent to an express finding that the defendant is guilty of that particular offense."

(4) It is well settled, however, that a verdict cannot be aided by intendment or by reference to extrinsic facts, but it becomes the act of the court, and not that of the jury.—*Sewall v. Glidden,* 1 Ala. 52; *Alexander v. Wheeler,* 69 Ala. 332; *St. Clair v. Caldwell,* 72 Ala. 527; *Clay v. State,* 43 Ala. 350. These authorities show that verdicts and judgments are valid, when several offenses are joined in separate counts or in one count, with the qualification mentioned.

(5) It must therefore follow, as stated above and by the text-books on criminal procedure, that the doctrine of election in misdemeanor cases is largely discretionary with the trial court; but the discretion is a judicial one, and one revisable on appeal.

(6, 7) The prosecution, of course, should be confined in its proof to the offenses and transactions charged; otherwise the accused, in violation of the constitutional guaranties, might be tried and convicted of an offense or transaction as for which he was never charged, indicted, or accused. The very purpose of joining several counts in an indictment, or of charging several offenses in the alternative in one count as authorized by statute, is to allow proof under each, or all the counts, or alternatives, and to thus avoid the doctrine of election to that extent.—*Carleton v. State,* 100 Ala. 130, 14 South. 472; *Elam v. State,* 26 Ala. 51. If, however, the several counts or the several alternatives relate or refer to but one transaction, and are intended to meet different phases of the evidence, this does not open the door to proof of transactions not charged or intended to be charged. As said by this court in *Elam's Case, supra*: "The rule of the common law was that, where but one offense was charged, the evidence must be confined to one; and the Code has not changed that principle, and could not, perhaps, do so without violating the constitutional right which the defendant has of having the offense passed upon by a grand jury. It allows, it is true, in certain cases, more than one offense to be charged, even in the same count (section 3506); and when this is done, evidence as to each offense may be offered. The general form of the indictment allowed by section 1059 of Code against retailers does not, if followed, include more than one offense; and the provisions in the same section which allow any act in violation of the law to be proved under such an indictment cannot upon any sensible rule of construction be intended

to mean more than one act. In civil actions, if but one act is charged in the declaration, the plaintiff cannot give evidence of any other; and it is also laid down, that if he prove one, he cannot waive that and prove another.—*State v. Pricket,* 1 Campb. 473, 2 Greenl. Ev. § 86."

(8, 9) The very purpose of framing the indictment with two or more counts was to prevent the application of the doctrine of election. When there is but one count charging a single offense, the law presumes that the defendant comes to trial prepared to meet the single charge, and the prosecution will not be permitted, after once having elected, to introduce evidence of another and different offense; but where the indictment charges that the offense was committed by different means or with different intents, in the alternative, or where the offenses are of that charter which may be joined in the same indictment, in different counts, the defendant is fully informed of the cause of the prosecution, and the doctrine of election does not apply until after there has been an election by the prosecution under each alternative charge or separate count.—*Elam v. State,* 26 Ala. 47; *Carleton v. State,* 100 Ala. 130, 14 South. 472; 1 Mayf. Dig. 295.

As before stated, indictments may properly join several distinct offenses of the same character, each depending on separate transactions, or may join several counts charging different offenses of the same nature and character, and punished similarly, but all based on one transaction, being intended to meet different phases of the evidence; or there may be a joinder of such offenses in one count, charging in the alternative, by authority of our statute. It has never been the practice in this state, however to put a defendant on trial for separate and distinct transactions, nor to convict him of two or more offenses at one trial, though it is legally possible to do so if the indictment properly joins several offenses depending on separate transactions. It is not legally possible to do so, however, under an indictment which is based on only one transaction.

(10) The rule governing the judicial construction as to an election in a criminal case, generally followed in this state has been often declared as before set forth, and, to repeat and cite the cases, it is as follows: "The court will not exercise its power to compel an election unless it appears either from the indictment or the evidence that an attempt is made to convict the accused of two or more offenses growing out of separate and

distinct transactions. *Mayo v. State,* 30 Ala. 32; *Wooster v. State,* 55 Ala. 217."—*Butler v. State,* 91 Ala. 90, 9 South. 191.

"It is not a misjoinder of counts when in one count the property is averred to be in one person, while in the other it is averred to be in a different person. But when, as in this case, the several counts charge several and distinct offenses in unlawfully and wantonly killing the separate property of two or more persons, the indictment, not only in form, but in substance, charges more offenses than one. In such case, the offense charged being a misdemeanor, there cannot be a conviction of more than one of the offenses. The doctrine of election applies in such cases. *Wooster v. State,* 55 Ala. 217."—*Bass v. State,* 63 Ala. 111.

The reason for the conflict (or apparent conflict) in the decisions is that the joinder is one thing in theory and another in practice, and the court will always intervene to prevent the defendant from being convicted on one trial, so far as his defense is concerned, for two or more offenses. It will so intervene either on motion to quash or by requiring the prosecution to elect in proper case to prevent the defendant from being convicted of two offenses on one trial, or from being required to defend against two separate and distinct transactions. The whole object of joinder, however, is to allow proof under each count, or each phase of the evidence, before requiring the election. If, however, only one transaction is alleged, and the state goes into proof of that particular transaction, that is an election as to that particular transaction, but not as to any other offense or phase of the evidence; and the prosecution should not be confined as to any particular phase or offense, but be permitted to go into all phases of that particular transaction.

If several distinct offenses are alleged in separate counts, each declaring on a different transaction, the state does not elect by introducing proof as to one transaction, but may enquire as to each; but after going into all then, and not until then, the defendant may require the state to elect as to which offense or transaction it will seek a conviction, and as to which the accused will be required to defend. In this last respect the practice is different in this state from that in the federal and many of the state courts, as well as from the doctrine announced by the text-writers on the subject, and some dicta in the decisions in this state. The practice in other jurisdictions referred to is to treat the indictment practically as having the scope which it does in

theory; that is, if it charges several distinct offenses, each depending upon different transactions, to allow a trial and even a conviction as to all if they were properly joined. This, however, is never done where only one transaction is indicted, but is alleged in different or varying phraseology, and is charged to have constituted one or the other of several offenses. In such case the evidence should be limited to one transaction because only one is indicted, and there can be only one conviction because the transaction is only alleged to be the one or the other—not both or many. It would probably violate the defendant's constitutional rights to put him on trial for an offense or transaction not charged, or to convict him of two offenses when he was only charged of committing one or the other of several.

There are certain statutes which expressly provide for putting the defendant on trial for, and. convicting him of, two or more offenses on one trial, each of which is dependent upon separate and distinct facts or transactions. This is true as to certain prohibition statutes, and possibly others. Unless such statutes should violate the Constitution, as to informing the defendant of the character and nature of the accusation against him, or violate some other similar constitutional right guaranteed to the accused, they should be followed; and the doctrine of election would not apply so as to defeat the express provisions of valid statutes.

SOMERVILLE and THOMAS, JJ., concur in the foregoing opinion.