(104 So. 681)
## HERBERT v. STATE.    (4 Div. 75.)

(Court of Appeals of Alabama.   May 12, 1925. Rehearing Denied June 9, 1925.)

1. Criminal law ⬤⟳878(1)—Conviction authorized under each of two counts charging separate offenses, which may be joined in same indictment.

Where there are two counts charging separate offenses of similar nature, which may be joined in same indictment, conviction may be had under each.

2. Criminal law ⬤⟳404(4)—Bottle and contents held admissible.

Proof that bottle of whisky was found under steps of house adjoining defendant's residence, together with testimony tending to connect defendant with such hiding place, authorized admission of bottle and its contents in evidence.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Alice Herbert was convicted of possessing prohibited liquors, and she appeals.   Affirmed.

A. Whaley, of Andalusia, for appellant.

The bottle of liquor, being found at a place other than in the possession of defendant, was inadmissible in evidence. Ammons v. State, ante, p. 283, 101 So. 511. Defendant was entitled to the affirmative charge. Frederick v. State, ante, p. 336, 102 So. 146; Oldacre v. State, 16 Ala. App. 151, 75 So. 827; Fair v. State, 16 Ala. App. 152, 75 So. 828; Spelce v. State, 17 Ala. App. 401, 85 So. 835.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

SAMFORD, J.   The defendant was indicted on two counts, each of which charge the unlawful possession of prohibited liquors. Upon the introduction of the evidence, the state introduced testimony tending to prove

two separate and distinct offenses; the evidence as to one being that the defendant possessed prohibited liquor on May 31, 1924, and as to the other, the possession of other whisky on the 24th day of June following.

[1] Where there are two counts in an indictment charging separate offenses of a similar nature authorized to be joined in the same indictment, and proof is offered sufficient to sustain a conviction as to both, a conviction may be had under each count in the indictment. Ex parte State, in re Brooms v. State, 197 Ala. 419, 73 So. 35; Graham v. State, 4 Ala. App. 186, 59 So. 227; Untreinor v. State, 146 Ala. 133, 41 So. 170.

[2] It having been shown that a bottle of whisky was found under the steps of a house adjoining the house in which defendant resided, together with testimony tending to connect defendant with the hiding place in which the whisky was found, the bottle containing the whisky and its contents were properly admitted in evidence.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.