**MORRIS v. STATE.**   (4 Div. 109.)

(Court of Appeals of Alabama.   June 9, 1925.
Rehearing Denied June 30, 1925.)

1. **Intoxicating liquors** ⚖═➤238(1)—**Question of defendant's guilt held for jury.**

In prosecution for manufacturing whisky and possession of a still, question of defendant's guilt *held* for jury.

2. **Criminal law** ⚖═➤878(2)—**Verdict of jury held referable to either count in indictment.**

In liquor prosecution with indictment charging manufacture of prohibited liquors and possession of a still, verdict of jury finding defendant guilty as charged in indictment was referable to either count therein.

Appeal from Circuit Court, Pike County;
W. L. Parks, Judge.

Jerry Morris was convicted of violating the prohibition law, and he appeals.   Affirmed.

The indictment charges (1) the manufacture of prohibited liquors; and (2) the possession of a still, etc.   The verdict of the jury was guilty as charged in the indictment.

Ballard & Brassell, of Troy, for appellant.

The verdict did not recite under which count the defendant was found guilty, and should have been set aside.   State v. Givens, 5 Ala. 747; Code 1923, §§ 4627, 4656, 5281. The affirmative charge for defendant should have been given.   Seigler v. State, 19 Ala. App. 135, 95 So. 563; Haynes v. State, 20 Ala. App. 160, 101 So. 167; Stanley v. State, 20 Ala. App. 387, 102 So. 245.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The verdict is general, and may be referred to either count.   4 Michie's Ala. Dig. 418.

SAMFORD, J.   The sheriff of Pike county, together with three other parties, found a small galvanized iron still of about 30 gallon capacity in full operation on Saturday night about 12 o'clock.   There were present at the still Ed Corley, a white man, near whose house the still was located, and two negroes, one of whom was the defendant.   Ed Corley accepted full responsibility for the possession and operation of the still, and undertook to exonerate the two negroes, whom he says had just come by and stopped, did nothing, and had no interest either in the still or its product, and did not work for him, but lived a mile away on another farm.   The state then introduced the wife of Corley, who testified that defendant, with some others, was at her house "some time in the night," and that some of them carried off some beer, but who she did not know.

[1] Coupled with the evidence that defendant was in the crowd that carried the beer to the still, the fact that defendant was at a late hour of the night at the still where whisky was being made, and in friendly conversation with the party who admits being in open violation of law, made a jury question as to the guilt or innocence of defendant.

[2] The verdict of the jury is referable to either count in the indictment.   4 Mich. Dig. p. 418, § 600 (2).

The other exceptions have been examined and found to be without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.