144 So. 539

## OSBORNE v. STATE.
### l Div. 99.

Court of Appeals of Alabama.
Nov. 22, 1932.

F. E. Poole, of Grove Hill, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The indictment in this case charged this appellant and two others with the offense of having in possession a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages; and in the second count it charged that the named defendants did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc. Both counts of the indictment were in proper form and substance, and the two offenses charged being of the same character and subject to the same punishment, they were properly joined.

A severance was demanded by the defendants and granted, and in this case this appellant alone was put upon trial.

The trial resulted in his conviction, and the jury returned a general verdict, to wit: "We, the jury, find the defendant Pete Osborne guilty as charged in the indictment. He was so adjudged by the court who thereupon imposed upon him an indeterminate term of imprisonment in the penitentiary of not less than one year and one day, as a minimum punishment, and not more than one year and five days as the maximum punishment.

There is no merit whatever in the insistence of appellant that the court erred in passing the above sentence. By innumerable decisions of the appellate courts of this state it has been held a general verdict of guilt under an indictment charging several offenses will be supported if the sentence or punishment is not greater than is imposed for one offense. By the judgment of the court here no possible injury inured to the defendant, it affirmatively appearing that the punishment imposed was the minimum punishment for either of the two offenses charged in the indictment. The following decisions are conclusive upon the point of decision here insisted upon: Myrick v. State, 20 Ala. App. 18, 100 So. 455; Morris v. State, 21 Ala. App. 24, 104 So. 867; Cleveland v. State, 20 Ala. App. 426, 103 So. 707; Ex parte Cleveland, 212 Ala. 635, 103 So. 711.

There is no error apparent on the record upon which this appeal is rested. The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.