195 So. 301

SCOTT v. STATE.

8 Div. 961.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 26, 1940.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

RICE, Judge.

■ Appellant was tried under an indictment in two counts; the first count charging that he "did distill, make or manufacture alcoholic, spirituous or malt liquor, a part of which was alcohol," and the second that he "had in his possession a still, apparatus, appliance or device or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous or malt liquor, a part of which was alcohol."

He was found guilty by the jury "as charged in the first count of the indictment." And adjudged and sentenced accordingly.

This was permissible under the law, the suggestion to the contrary—if it is to the contrary—in the next to the last paragraph of the opinion by this court in the case of Hill v. State, 27 Ala.App. 160, 167 So. 606, being but mere dictum, and not here controlling. Rutherford v. State, Ala.App., 193 So. 193;[1] Grayson v. State, 28 Ala.App. 210, 182 So. 579; Sexton v. State, 23 Ala. App. 318, 127 So. 497; Herbert v. State, 20 Ala.App. 634, 104 So. 681; Osborne v. State, 25 Ala.App. 276, 144 So. 539; Gamlin v. State, 19 Ala.App. 119, 95 So. 505.

■ There was no abuse of the trial court's discretion in refusing appellant's motion to continue the case, when it was called for trial, because of the claimed illness of the defendant (appellant). The testimony shows, sufficiently, that he was not, as a matter of fact, ill—unless "dread" be termed an illness.

It is without dispute that a whiskey still was found by the officers set up and in operation, with whiskey flowing therefrom; and that appellant was there.

■ The only litigated question was as to whether or not appellant was "working about the still" in such a way as to authorize the jury to infer he was "operating it," or "assisting in its operation."

The testimony on behalf of the State was ample to sustain such an inference. Appellant's denial simply made the question one for the jury's decision.

■ Discussing a charge similar to appellant's written, requested and refused charge 11, this court said in the opinion in the case of Perkins v. State, 20 Ala.App. 276, 101 So. 770, 772: "If the evidence points to the commission of crime by one person, and there be evidence from which the jury may reasonably infer that the one person was other than the defendant, then the refusal of the charge would be error. If the evidence points to the commission of a crime in which others might be equally involved with the defendant, then such charge would be misleading and properly refused. If the evidence points to the defendant and no one else, the charge is abstract."

[1] Ante, p. 129.

In this case refused charge 11, supra, comes under the second rule in the above quotation, as misleading and properly refused.

The entire proceedings appear to have been conducted without error, and the judgment is affirmed.

Affirmed.

SIMPSON, J., not sitting.

