[Crim. No. 131.   Department Two.—September 19, 1896.]

THE PEOPLE, RESPONDENT, v. W. L. EPPINGER, AP-PELLANT.

CRIMINAL LAW—PASSING FICTITIOUS CHECK—VARIANCE—JUDGMENT FOR FORGERY.—The crime of forgery, as defined by section 470 of the Penal Code, and that of passing a fictitious check with intent to defraud, under

section 476 of the same code, are different offenses, and the entry of a judgment for forgery upon a charge of passing a fictitious check is a material variance, for which the judgment must be set aside, with directions to enter a judgment in accordance with the charge.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ABSENCE OF SHOWING. An application for a new trial is properly denied, when made on the ground of evidence newly discovered after a former appeal has been taken, where no affidavits are presented in support of the application, or any showing made of its nature or character, or of the time of its discovery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion.

*W. M. Cannon,* for Appellant.

*W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

HAYNES, C.—On April 4, 1895, the defendant was convicted under an indictment for passing and publishing a fictitious check, with intent to defraud, and which also, charged a prior conviction for petit larceny. A verdict of guilty was returned by the jury as to making and passing the fictitious check, but the verdict was silent as to the prior conviction for petit larceny. An appeal was taken from that judgment to this court, and the court below was directed to treat the verdict as a finding against the defendant upon the crime charged and in favor of the defendant upon the question of prior conviction, and the judgment was reversed, with directions to the trial court to pronounce a judgment and sentence upon defendant, in the exercise of his discretion, upon the facts and circumstances of the case, as provided for by section 476 of the Penal Code; and further directing the court that the judgment should designate the offense as the making, passing, and publishing a fictitious check with intent to defraud. (*People v. Eppinger,* 109 Cal. 294.)

On November 8, 1895, after the *remittitur* had gone down from this court, the defendant was called for judgment, and was asked if he had any legal cause to show why judgment should not be pronounced against him. As to what then occurred the bill of exceptions taken by the defendant shows the following facts:

"The defendant thereupon, through his counsel, did not make a motion for a new trial, but offered and requested permission to make a motion for a new trial upon the ground that since the taking of the last appeal new evidence had been discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial. The defendant did not offer or request permission to read in support of said motion any affidavit, and, being called on to state what the newly discovered evidence was, the counsel declined to do so." The court refused to allow the said motion for a new trial, and to its refusal the defendant excepted, and assigns the same as error.

The court thereupon rendered judgment as follows: " That, whereas the said W. L. Eppinger having been duly convicted in this court of the crime of felony, to wit, forgery, it is therefore ordered, adjudged, and decreed that the said W. L. Eppinger be punished by imprisonment in the state prison of the state of California, at San Quentin, for the term of fourteen years "; and from this judgment the defendant appeals, upon the judgment-roll and a bill of exceptions. Upon this record two questions are made and argued by appellant: 1. That the charge upon which he was tried and convicted was for making and passing a fictitious check with intent to defraud, while the judgment is for a different offense, namely, "forgery"; 2. That the court erred in refusing to permit him to make a motion for a new trial.

1. The indictment upon which the defendant was tried and found guilty was held, upon the former appeal, to charge the crime of making and passing a fictitious check, with intent to defraud. As to the correctness of

that ruling, no question is made by either party. That, the crime of forgery, as defined in section 470 of the Penal Code, and that of making and passing a fictitious check with intent to defraud, under section 476 of the same code, are different offenses, was held in *People* v. *Elliott*, 90 Cal. 586. In that case the defendant was charged with forging a certain check signed " A. F. Rice & Co." This court said: " If we assume that there was such a firm in existence, then the judgment must be reversed and a new trial ordered, by reason of the insufficiency of the evidence in not showing that the check was not signed by such firm. If we assume that there was no such firm in existence, then the check was a fictitious check, and the prosecution should have been had under section 476 of the Penal Code, and the case must be reversed upon that ground. From the facts set forth in the information, it is apparent that it was filed and conviction had under section 470 of the Penal Code, which section is quite broad in its scope, but not sufficiently broad to include matters contained in section 476." (See, also, *People* v. *Eppinger*, 105 Cal. 36.) In *People* v. *Johnson*, 71 Cal. 388, it is said: " The clerk has no power to enter, and it is at least error in the court to direct, a judgment declaring that a defendant has been convicted of one offense, when in fact he has been convicted of another and distinct offense. The entry of a judgment declaring that a defendant has been convicted of an offense of which he has not been convicted is more than a mere ' technical ' error. A judgment is a solemn record which is ordinarily conclusive evidence of the facts recited in it, and we ought not to permit such evidence to stand when, on direct appeal, it appears that the matters recited in it are not true. Inasmuch as no proper judgment has been entered in the court below, the judgment in form must be set aside and a proper judgment entered."

In that case the information charged an embezzlement, while the judgment was for grand larceny; and

there, as in this case, the penalty is the same for the offense charged as for that named in the judgment, and it was contended that the error in the judgment did not affect any substantial right of the parties; but this court cited section 1207 of the Penal Code, which provides: " When a judgment of conviction is rendered, the clerk must enter the same in the minutes, stating briefly the offense for which the conviction was had," etc., and said: " There can be no doubt that this statement of the offense is part of the judgment." It may be added that accuracy in the designation of the offense is rendered more important under the provisions of the Penal Code, which authorizes the fact of a previous conviction of another designated offense to be charged in the indictment or information, and which requires the jury to find upon it, unless the defendant admits it. If the record of the previous conviction should show that the indictment charged a forgery, and the judgment was for a different offense, which of the different offenses should be charged in the indictment, and which would be sustained by the record? These are questions which we do not propose to answer now, but which we may have to answer if the judgment in its present form is permitted to stand.

2. It is not quite clear from the record whether the defendant made a motion for a new trial, or asked permission to make such motion. The bill of exceptions is not clear upon the point, while the judgment recites that a motion for a new trial was made, and denied by the court. In either case, however, the ruling was right. The grounds of the motion, or proposed motion, were stated by counsel to be the discovery of new evidence after the former appeal had been taken. No affidavits, either of the defendant or his counsel, or of the persons by whom the newly discovered evidence could be given, were produced or offered; nor was there any statement by counsel of the nature or the character of the newly discovered evidence, or when it was discovered, or that its discovery was so recent as to prevent

the obtaining of the affidavits by the use of reasonable diligence.

The question discussed by counsel as to the right of a defendant to show cause against a new judgment need not be considered. That question does not necessarily arise upon this appeal. Appellant, however, asks that the judgment be reversed, with permission to show cause against a new judgment in the manner provided by sections 1200 and 1201 of the Penal Code. Without considering or deciding the question of defendant's right under those sections to show cause why a proper judgment should not be rendered, it is sufficient to say that there is nothing in the record before us which indicates that the defendant has any grounds for such motion, and the request of counsel should therefore be denied.

The judgment appealed from should be reversed, with directions to the court below to render judgment against the defendant for the offense of making and passing a fictitious check with intent to defraud.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the court below to render judgment against the defendant for the offense of making and passing a fictitious check with intent to defraud.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.