### THE STATE v. JOSEPH BRENNAN.

Argued February 20, 1912—Decided November 11, 1912.

1. In every criminal case there must be a plea to the indictment, or allegation, preferred against the accused: for, without a plea, there is no issue, and without an issue there can be no valid trial, there being nothing to try.
2. Where it appears by the recitals of a judgment entered in a criminal case upon an indictment containing two counts which charge distinct offences that the defendant has only pleaded to one of the counts, while the verdict convicts him on the other, the conviction is invalid because not supported by a plea.

On error to Hudson Special Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff in error, *Samuel A. Besson.*

For the state, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The defendant was charged before a magistrate with committing an assault upon one Ella Kaiser, with intent to ravish her.   Being arrested on this charge he waived indictment and trial by jury, and requested an immediate trial before the Special Sessions Court; whereupon, pursuant to the act of March 9th, 1877 (*Pamph. L., p.* 218), the prosecutor of the pleas preferred to the court an allegation against him containing two counts, one charging him with assault with intent to commit rape, and the other charging him with assault and battery.   The defendant being arraigned, and asked how he would acquit himself of the charges preferred against him in the allegation, pleaded "not guilty of the assault and battery."   Upon the issue thus joined the case went to trial, and the court, having heard the evi-

dence submitted, found the defendant guilty of "assault with intent to commit a rape." Judgment was thereupon entered upon this finding, and its validity is now challenged by the defendant.

The two counts in the allegation preferred by the prosecutor of the pleas charge distinct offences; that charged in the first count, namely, an assault with intent to commit a rape, being by our statute a high misdemeanor punishable by imprisonment at hard labor for not more than twelve years, and by a fine not exceeding $3,000; while that charged in the second count—assault and battery—is a simple misdemeanor, punishable by imprisonment not exceeding three years, and a fine not exceeding $1,000. The only plea in the case was to the offence charged in the second count, while the finding of the court was guilty of the offence charged in the first count. In every criminal case there must be a plea to the indictment, or allegation, preferred against the accused, since without a plea there is no issue, and without an issue there can be no valid trial, there being nothing to try (2 *Encycl. Pl. & Pr.* 770, and cases cited; 1 *Whart. Cr. L.,* § 530; *Rap. Cr. Pro.,* § 115); and where two counts charge distinct offences, and it appears by the recitals of the judgment that the defendant has only pleaded to one of the counts, while the verdict convicts him on the other, the conviction is invalid because not supported by a plea. *Gaither* v. *State,* 21 *Tex. App.* 527. Nor can the error in the proceeding be corrected after verdict by directing a plea of not guilty to be entered for the defendant, without his consent. *Davis* v. *State,* 38 *Wis.* 487.

The defendant has assigned for error before us that the trial court found him guilty of assault with intent to commit rape, whereas it appears by the record and proceedings in the cause that the court did not try the defendant upon such a charge. Under the legal rules above cited the assignment is well founded, and the judgment under review must be reversed.