(106 So. 624)

## COLLINS v. STATE. (2 Div. 352.)

(Court of Appeals of Alabama. Nov. 10, 1925. Rehearing Denied Dec. 15, 1925.)

**1. Criminal law ⬤⟹261(1)—Verdict of guilty can only properly respond to charge in indictment where issue was joined by plea.**

Where recitals in judgment show plea to first count in indictment charging distilling, but no plea was shown to have been filed to second count for possessing still, and the general charge was given as to the first count, verdict of jury finding defendant guilty as charged could only properly respond to charge on which issue was joined by plea, and will not support judgment of conviction.

**2. Criminal law ⬤⟹998—Judgment declaring defendant has been convicted of one offense cannot be permitted to stand, when in fact conviction was for another and separate offense.**

Clerk has no power to enter, and it is error for court to permit to stand, judgment declaring a defendant has been convicted of one offense, when in fact conviction was for another and separate offense.

**3. Criminal law ⬤⟹998—Refusal to set aside judgment, where there was no plea to second count in indictment, was error.**

Refusal of trial court to set aside judgment, where there had been no plea to second count in indictment, *held* error.

Appeal from Circuit Court, Choctaw County; C. A. Grayson, Judge.

Josh Collins was convicted of violating the prohibition law, and he appeals. Reversed and remanded on rehearing.

Chilton & McCoy, of Montgomery, and Hollis & Edgar, of Butler, for appellant.

The judgment is erroneous for failure to recite that appellant was duly arraigned and pleaded to the charge of possessing a still. Bray v. State, 16 Ala. App. 433, 78 So. 463; 16 C. J. 387; Beck v. U. S., 145 F. 625, 76 C. C. A. 417; State v. Brennan, 83 N. J. Law, 12, 84 A. 1066; Gaither v. State, 21 Tex. App. 527, 1 S. W. 456; Crain v. U. S., 162 U. S.

625, 16 S. Ct. 952, 40 L. Ed. 1097. The case of Watson v. State, 20 Ala. App. 373, 102 So. 492 is not in point.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Defendant's plea was sufficient. Watson v. State, 20 Ala. App. 373, 102 So. 492.

SAMFORD, J. Defendant was indicted on two charges. The first count charged that he did distill, etc., alcoholic liquors, etc., and the second that he unlawfully possessed a still to be used in the manufacture of liquor. The court, at the request of defendant, gave the general charge as to the first count, which charged manufacturing.

[1-3] The recitals in the judgment show a plea to the first count of the indictment, which charged "distilling," but no plea is shown to have been filed, either by the defendant or the court for him, to the second count. The verdict of the jury was, "We, the jury, find the defendant guilty as charged." The only issue, therefore, submitted to the jury on issue joined by plea, was on the first count of the indictment, so that the verdict of the jury could only properly respond to that charge. It will be observed that the verdict and judgment do not come under the influence of those decisions which hold that a general verdict of guilty will be referred to either count in the indictment. That is the case where there is a general plea of not guilty to the whole indictment, while in the instant case it affirmatively appears that the plea is confined to the first count. Quoting from the opinion of White, P. J., in Gaither v. State, 21 Tex. App. 527, 1 S. W. 456:

"It is a rule too well established to require a citation of authority at this late day that, unless the record on appeal shows affirmatively that a defendant, on trial for a criminal offense, pleaded to the charge preferred against him, and upon which the prosecution is predicated, a judgment of conviction will be set aside, because, where there is no plea, there is no issue."

The foregoing opinion is cited with approval in State v. Brennan, 83 N. J. Law, 12, 84 A. 1066. See, also, Crain v. U. S., 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097. The clerk has no power to enter, and it is error for the court to permit a judgment to stand declaring that a defendant has been convicted of one offense, when in fact the conviction was for another and separate offense. This is more than a technical error. A judgment is a solemn record, which should speak the truth, and is ordinarily conclusive evidence of the facts recited in it, and such evidence ought not to be permitted to stand when, on direct appeal, it appears that the recitals are not true. People v. Eppinger, 114 Cal. 350, 46 P. 97. The trial court was in error in refusing to set aside the judgment.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

If there had been a plea as to the second count, the judgment would not be reversed on account of a failure of proof. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

On original hearing the judgment of conviction was affirmed. On a reconsideration of the case the appellant's application for rehearing is granted, the judgment of affirmance is set aside and former opinion withdrawn, the judgment of the circuit court is reversed, and the above and foregoing opinion is substituted.