(108 So. 645)

**ERWIN v. STATE.** (7 Div. 168.)

(Court of Appeals of Alabama. May 11, 1926.)

**Criminal law** ⬦⫸992.

Judgment that defendant was guilty of assault to murder, as charged in indictment after verdict of assault, constitutes reversible error.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Dave Erwin was convicted of assault to murder, and he appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

The court erred in rendering judgment of conviction against defendant for assault to murder. Meadows v. State, ante, p. 72, 105 So. 428.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Counsel do not discuss the question upon which the decision is rested.

SAMFORD, J. The defendant was indicted on a charge of assault to murder. The jury returned a verdict convicting the defendant of an assault. Upon this verdict the court rendered a judgment as follows: "It is therefore considered and adjudged by the court that the defendant is guilty of assault to murder as charged in the indictment." This was the judgment of the court, and is not supported by the verdict of the jury. Such judgment was error, and for this error must be reversed. Meadows v. State, ante, p. 72, 105 So. 428.

Let the judgment be reversed and the cause be remanded.

Reversed and remanded.