(109 So. 895)

### McCULLERS v. STATE.    (7 Div. 190.)

(Court of Appeals of Alabama.   Oct. 26, 1926.)

Criminal law ⬅984—Judgment of guilt on second count is reversible error, where jury convicted only on first count (Code 1923, § 4925).

Where jury returned verdict of conviction under first count, charging removal of personal property on which another had a lien in violation of Code 1923, § 4925, judgment of guilt on second count, charging embezzlement which had been charged out by the court, is reversible error.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Frank McCullers was convicted of an offense, and he appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

The action of the court in rendering judgment against the defendant constituted re-

versible error. Meadows v. State, ante, p. 72, 105 So. 428.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The judgment was sufficient. Casey v. State, 19 Ala. App. 317, 97 So. 165. Hardeman v. State, 202 Ala. 694, 81 So. 656.

RICE, J. Appellant was put to trial under an indictment consisting of two counts. The first count charged a violation of section 4925 of the Code of 1923 as for selling or removing personal property, etc., upon which another had a lien, etc.

The second count charged embezzlement of the same property. The court charged out the second count. The jury returned a verdict of conviction under the first count. Whereupon there was an adjudication by the court of guilt as charged in the second count. In this there was reversible error. Meadows v. State, ante, p. 72, 105 So. 428; Collins v. State, ante, p. 192, 106 So. 624.

As the case must be reversed for the error indicated, and as all other questions presented involve only familiar principles of law, many times considered by this and the Supreme Court, a ruling upon them here will be pretermitted.

Reversed and remanded.