(118 So. 231)

**STEPHENS v. STATE.   (3 Div. 601.)**

Court of Appeals of Alabama.   May 22, 1928.

Rehearing Denied June 26, 1928.

Rushton, Crenshaw & Rushton, and Thos. E. Martin, all of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

On Rehearing.

PER CURIAM. This case, on original submission was affirmed, no opinion being written in the same.

■ On application for rehearing, appellant insists that the judgment and sentence are not responsive to and in accord with the verdict of the jury. Of course, if this is true, the judgment must be reversed on appeal. 16 C. J. 1302; Erwin v. State, 21 Ala. App. 376, 108

534

So. 645; Geo. Tom McGee v. State, ante, p. 500, 117 So. 487.

Appellant was tried under an indictment consisting of four counts; the last, or fourth, count charging him with the offense of unlawfully having in possession a still, etc., to be used for the purpose of manufacturing prohibited liquors, etc. The jury by their verdict found him guilty "as charged in the fourth count," whereupon he was immediately adjudged "guilty as charged in the fourth count of the indictment," and remanded to jail to await sentence. Upon a later day of the term, appellant being brought before the court, the following sentence was imposed in the way and language we quote:

"And now upon this, the 19th day of November, 1927, the defendant being in open court, and it appearing to the court that the said defendant was duly convicted of said offense on a former day of the term, and said defendant being asked by the court if he had anything to say why the sentence of the law should not now be pronounced upon him says nothing. It is therefore considered by the court, and it is the judgment and sentence of the court, that the said defendant be imprisoned in the penitentiary of the state of Alabama for an indeterminate term of from twenty months to twenty-four months, beginning from this date," etc.

▪ Appellant's insistence that because, in the judgment entry as it appears in the record on this appeal, between that part of same reciting the finding by the jury, and the adjudication of guilt as hereinbefore mentioned, and the order remanding appellant to jail to "await the sentence of the law," and that part reciting the sentence imposed, which we have quoted, there is inserted, by the clerk, the following caption:

"Sentence

"Saturday, November 19th, A. D. 1928 [1927]. "Court met pursuant to adjournment. "Present, the Honorable Walter B. Jones, judge presiding. "Offense: Manufacturing liquors. "The State v. Reuben F. Stephens. 3789."

—the sentence is for the offense of "manufacturing liquors," and therefore unauthorized, cannot be sustained. The caption is no part of the sentence, and we think it clearly appears that appellant was punished by the sentence imposed for the identical offense of which he had been found and adjudged guilty by the jury and the court. The expression in the sentence, "and it appearing to the court that the said defendant was duly convicted of *said offense* (italics ours) on a former day of the term," is, we hold, referable to the prior appearing record of the verdict and adjudication of guilt, without reference to *whatever caption or title* may have been inserted between the two parts of the "judgment entry," and disconnected from each, by the clerk of the court.

▪ The question by the solicitor to the witness Mosely, as to whether the sugar found in appellant's car was "the same kind" of sugar and in "the same kind of sacks" as that found near the still in a barrel, was not subject to any of the grounds of objection interposed to it.

▪ The other question asked the witness Mosely, to which objection was made, called for no more than a description of what the witness found at the still place, and objection to the question was properly overruled.

▪ No exception was reserved to the court's ruling upon the objection made by the state to the question asked the witness Sellers, and then besides the fact that the witness answered the question any way, and his answer was not excluded, would cure any error, if error there was, in sustaining the state's objection to the question.

The application for rehearing is denied.