(127 So. 497)

### SEXTON v. STATE.

3 Div. 636.

Court of Appeals of Alabama.

Nov. 5, 1929.

Rehearing Denied Nov. 19, 1929.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The indictment, upon which appellant was tried and convicted, contained two counts. The first count charged him with distilling, or manufacturing, alcoholic liquors. The second count charged him with being in possession of a still, etc. The jury found the defendant guilty, as charged in the indictment. The judgment pronounced and entered by the court below recites that the defendant is *guilty of distilling prohibited liquors*, and sentenced him to an indeterminate term of imprisonment in the penitentiary.

As stated, two separate and distinct offenses were charged in the indictment. The jury returned a general · verdict of guilty. Upon this verdict the court in express terms adjudged the defendant ˙ guilty of distilling prohibited liquor only, as charged in the first count.

It is insisted by appellant that this judgment of the court failed to follow the verdict, which found the defendant guilty of both offenses, and that this constitutes error. It is argued that, if appellant should again be indicted on this same charge of being in possession of a still, and the same testimony as set out in the record should be offered to prove his guilt, that he would be in no position to plead and prove former conviction, for the reason that, although the verdict in this case was general, applying to both offenses, the judgment of the court adjudicated him as being guilty of one of the offenses only, that of distilling as charged in the first count of the indictment. It is insisted also that neither would he be in a position to plead former acquittal, because the verdict of the jury shows that they found him guilty as charged in the indictment, which embraced both offenses. This is the principal insistence of error, for, while other questions are presented, we fail to discover any error in these

Powell & Hamilton, of Greenville, for appellant.

points of decision necessitating a reversal of the judgment appealed from.

■ The two offenses charged in the indictment are of the same character and subject to the same punishment, and therefore were properly charged in the same indictment in separate counts. Code 1923, § 4546; Sampson v. State, 107 Ala. 80, 18 So. 207.

■ The law is that, when a verdict of a jury is rendered, it should always be followed by a judgment of the court. Wright v. State, 103 Ala. 95, 15 So. 506.

In Driggers v. State, 123 Ala. 46, 26 So. 512, 513, the court said: "The judgment entry in all criminal cases where there is conviction should recite in express words that the defendant is adjudged guilty by the court as found by the jury."

■ In cases of conviction by a jury's verdict, the judgment of the court should follow the verdict as returned. "Certainty, consistency in all its parts is an indispensable element of the validity of judgments or decrees in civil cases, ascertaining and determining the rights and liabilities of parties. A judgment or a decree, uncertain, inconsistent in its terms, incapable of safe execution according to the letter of its mandate, is not valid. * * * The sentence of a court in a criminal case, operating to deprive a citizen of liberty, condemning him to involuntary servitude, ought not to be less certain, less consistent in its terms, than the judgment or decree, which affects only his rights of property. When it is in itself so vague and indefinite that it may operate as a pretence of authority for prolonging the term of servitude beyond that to which the law gives sanction," or to deprive the defendant of an established legal right, "it is irregular, invalid, and a court having jurisdiction is bound to reverse it." Bradley v. State, 69 Ala. 318.

■ A court of record speaks through its judgment only; and a judgment of a court of competent jurisdiction is conclusive against all the world as to all matters properly adjudged and to all necessary consequences thereof.

A judgment is a final consideration and determination by a court of competent jurisdiction of matters submitted to it, and it should, in form, always be *complete* and certain in itself, showing that it is the court's adjudication. Bell's Case, 101 Ala. 186, 13 So. 43, 46 Am. St. Rep. 117.

In Bradley v. State, supra, the court said: "The judgment rendered, or sentence passed by a court, though pronounced by a judge, is the judgment or sentence of the law. 'It is the certain and final conclusion of the law, following upon ascertained premises.' * * * Uncertainty, inconsistency in the record, renders the judgment or sentence erroneous."

■ The judgment must be responsive to, and based upon, the verdict of the jury as to the offense of which the defendant has been ascertained to be guilty. 16 C. J. 1303.

In Stephens v. State, 22 Ala. App. 533, 118 So. 231, this court said: "Judgment must be reversed on appeal, where judgment and sentence are not responsive to the jury's verdict." See, also, Erwin v. State, 21 Ala. App. 376, 108 So. 645; Meadows v. State, 21 Ala. App. 72, 105 So. 428; McCullers v. State, 21 Ala. App. 546, 109 So. 895; Collins v. State, 21 Ala. App. 192, 106 So. 624.

The foregoing relative to necessary requisites of judgments, if followed by those upon whom the duty devolves, should be helpful in the performance of this important function.

■■ As to the case at bar, appellant insists that the failure of the court to follow the verdict of the jury fully would operate to deprive him of a legal right, above stated. The sole question for our determination is, Should this insistence be sustained? We do not think so. It is true that the court by its judgment followed but partially the verdict of the jury, but we are unable to see how this could injuriously affect the substantial rights of the appellant. We are of the opinion that the judgment, when involved, or to be considered, must be taken as an entity, and that it is self-corrective, rendering, therefore, no injury as a result of the misprision complained of. We think the judgment as it appears of record could be successfully pleaded in abatement upon another prosecution for the offense charged in the second count of the indictment, and that it would be a complete answer thereto.

We find the case of Casey v. State, 19 Ala. App. 317, 97 So. 165, 166, exactly in point. In that case this court said: "(1) The first count of the indictment charged the defendant with distilling, and the second count with having in his possession a still to be used for manufacturing, prohibited liquors." * * * (3) "There was a general verdict of guilty. But the judgment entry shows that the court adjudged the defendant guilty of distilling. The adjudication is not an essential part of the judgment entry, as the sentence itself implies an adjudication of guilt"—citing Hardeman v. State, 202 Ala. 694, 81 So. 656.

Upon authority of Casey v. State, supra, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.