165 So. 408

## DOSS v. STATE.

### 2 Div. 568.

Court of Appeals of Alabama.

Dec. 17, 1935.

Rehearing Denied Jan. 21, 1936.

Granade & Granade, of Chatom, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The indictment in this case was returned on the 24th day of March, 1932, and

charged that the defendant unlawfully and with malice aforethought did assault Mose Hicks with the intent to murder him. The cause was tried in the circuit court on the 2d day of October, 1933, resulting in a conviction of the defendant; from which judgment an appeal was taken to this court. Pending the appeal, the circuit judge who tried the case died, and on the 6th day of July, 1934, a bill of exceptions was established before the Hon. L. D. Gardner, associate justice of the Supreme Court, by and through an agreement with the Attorney General, and the appeal reached this court on the 9th day of May, 1935, where, in the absence of any motion from the Attorney General, this court was powerless to strike the bill of exceptions.

■ The defendant insists that the trial court committed error in its judgment sustaining the state's demurrer to defendant's special plea of former jeopardy. The judgment appears in the record, and, upon return to a certiorari issued at the request of the appellant, we have the demurrer filed by the solicitor to the defendant's plea, but the return to the certiorari does not include the defendant's plea, in the absence of which we cannot consider the ruling of the court upon the demurrer; there being nothing here to review.

The return to the certiorari was made by the clerk of the circuit court of Greene county on the 6th day of June, 1935. In which return it was made known to the court that after diligent search by him, he was unable to find the plea of former jeopardy filed by the defendant in the cause. Of this return the appellant has had legal notice by the filing of same in this court, and if he had considered the plea necessary to the prosecution of his appeal, he should have taken the proper steps to have substituted the same in the court below that it might be certified to this court. It is, unfortunately, a fact that the defendant's plea of former jeopardy does not appear in the record.

■ Appellant's counsel has set out said plea of former jeopardy in his brief filed in this case, but this cannot avail him anything on this appeal. The court cannot consider any plea not set out in the record and certified to by the clerk of the court. We will say, however, that, even if the plea had appeared in the record in the language set out in appellant's brief, it could have availed him nothing. The plea merely sets up that the defendant had been convicted of carrying a concealed weapon about his person upon premises not his own or under his control, which could not in any event be a defense to an indictment charging an assault with intent to murder, even if the weapon so carried was the instrument used by the defendant in committing the assault. We have no quarrel with appellant's counsel as to the law cited by him relative to the plea of former jeopardy, but a sufficient answer to all his comments is that the crime of carrying concealed weapons is one crime, and the crime of assault with intent to murder is a separate and distinct crime; the one not necessarily being an element of the other.

The shooting in this case grew out of a difficulty between two negro women at a church, during which Mose Hicks intervened, and the defendant shot him.

We have examined the various objections and exceptions to the evidence appearing in the record and to the excerpt from the court's oral charge, and, without specifically passing upon each, we are clear to the conclusion that the rulings of the court were free from error; and, if technical error is to be found, it was not such as to affect the substantial rights of the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.