77 So.2d 375

**Solon Lee COUCH**

v.

**STATE.**

6 Div. 899.

Court of Appeals of Alabama.

Jan. 4, 1955.

Jas. A. McCollum, Walter G. Woods, Tuscaloosa, for appellant.

Bernard F. Sykes, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appeal is on the record proper without a transcription of the testimony.

The indictment charges a violation of the provisions of Sec. 362 of Title 14, Code 1940, which is a misdemeanor without regard to the value of the property involved. The defendant pled guilty to the charge contained in the indictment. The judgment pronounced and entered by the court recites that the defendant is adjudged guilty of disposing of mortgaged personal property illegally, the value of the property being more than twenty-five dollars, and recites further that the court sentences the defendant to the penitentiary for a term of two years as a punishment for said offense. It is clear that the adjudication of guilt, and the sentence imposed, was for a violation of the provisions of Sec. 363 of Title 14, which offense is a felony provided the value of the property involved is twenty-five dollars or more.

The offenses denounced by these two code sections are not identical. Holcomb v. State, 19 Ala.App. 24, 94 So. 917, certiorari denied, Ex parte Holcomb, 208 Ala. 698, 94 So. 921.

In Sexton v. State, 23 Ala.App. 318, 127 So. 497, 498, certiorari denied 220 Ala. 690, 127 So. 499, it was stated that the "judgment must be responsive to, and based upon, the verdict of the jury as to the offense of which the defendant has been ascertained to be guilty. 16 C.J. 1303.

"In Stephens v. State, 22 Ala.App. 533, 118 So. 231, this court said: 'Judgment must be reversed on appeal, where judgment and sentence are not responsive to the jury's verdict.' "

The rule is not changed by virtue of the fact that the defendant entered a plea of guilty rather than being found guilty by a verdict of the jury.

Reversed and remanded.