122 So.2d 724

**J. C. LYLES**

v.

**STATE.**

**7 Div. 543.**

Court of Appeals of Alabama.

June 9, 1959.

Rehearing Denied Sept. 15, 1959.

**2**

Hinton & Torbert and Rowan S. Bone, Gadsden, for appellant.

John Patterson, Atty. Gen., and Jerry L. Cole, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted under an indictment charging the offense of transporting prohibited liquors or beverages in quantities of five gallons or more.

The record shows that on March 13, 1958, defendant was tried and convicted in the Circuit Court of Etowah County, Alabama, on the indictment upon which the present conviction is based. The recitals of the judgment show "the issues being joined by going to trial without arraignment, and without objection or motion being filed by defendant, * * *." The case was continued to March 27, 1958, for sentence. On that day the court entered this order: "On this the 27th day of March, 1958, It is ordered and adjudged by the court that the verdict of jury heretofore rendered in this case on March 13, 1958, be and the same is hereby set aside ex mero motu."

When the case was called for trial on May 28, 1958, defense counsel moved that the case be dismissed stating as grounds for said motion that the court had failed to comply with the provisions of Section 258 of Title 15, Code 1940, by setting forth the facts in the judgment entry showing the necessity for setting the verdict aside. Thereupon the court amended the order of March 27, nunc pro tunc, by adding the words "for the reason there was no arraignment of the defendant", and overruled the motion to dismiss. Exception was reserved to the ruling on the motion and to the additional entry on the docket.

Section 258 of Title 15, Code, supra, relates to the procedure to be followed when the indictment is quashed, for any of the causes set forth in said section, and a second indictment is to be preferred. Coleman v. State, 71 Ala. 312.

■ Courts of record have inherent power to set aside and vacate their orders or judgments within the term and for common law causes. Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513; Long v. City of Opelika, 37 Ala.App. 200, 66 So.2d 126.

■ It is the duty of the trial court to set aside the judgment where there has been no plea to the indictment. Collins v. State, 21 Ala.App. 192, 106 So. 624. No error appears in the court's denial of the motion

to dismiss. The notation of the trial judge showing the reason for setting the judgment aside was surplusage. It did not change or modify the judgment and the defendant was not prejudiced thereby.

The following appears in the record: By defense counsel: "Before he enters a plea, your Honor, we have a sworn plea that I would like to enter.

"The Court: All right. Are you going to renew the motion?

"Mr. Hinton: I would like to renew it, with the Court's permission, and with the consent of Mr. Stivender, I will put a written plea of autrefois convict, as set out in Title 15, Section 258.

"The Court: All right.

"Mr. Hinton: And I will also, for the sake of brevity, and with the Court's permission and Mr. Stivender's permission, enter a plea of former jeopardy in the form and substance as provided by the acts of the Legislature as set out in Title 15 Paragraph 258, the plea of former jeopardy, which is in substance and effect the same motion previously made in this case.

"The Court: I overrule it.

"Mr. Hinton: We respectfully except to the Court's ruling on both pleas."

The record does not contain the pleas neither does the judgment show filing of pleas nor a ruling of the court thereon. This question is not presented for our consideration. Doss v. State, 27 Ala.App. 35, 165 So. 408.

If the pleas had appeared in the record, they could not have benefited defendant. "Former jeopardy for the same offense begins when the jury has been empaneled and sworn in a court of competent jurisdiction to try the defendant for the offense charged, and a sufficient indictment for the offense is read to the jury and pleaded to by the defendant." Murray v. State, 210 Ala. 603, 98 So. 871, 872.

It is admitted by defendant that the state's evidence was sufficient to make out a prima facie case, and that there was no error in the denial of the motion to exclude the state's evidence. We are in accord with this admission. No evidence was offered by defendant.

We have searched the record, as is required in criminal cases, and finding no reversible error, the judgment is affirmed.

Affirmed.