THE STATE OF OHIO, APPELLEE, *v.* CIARCIA, APPELLANT.

(No. 48148—Decided December 24, 1984)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Alan P. Caplan* and *Joseph E. LoConti,* for appellant.

PRYATEL, P.J. Kenneth Ciarcia, appellant, appeals the trial court's denial of his motion for a new trial following his conviction on a charge of aggravated murder. The ground for his appeal is based on his co-defendant receiving a new trial. Appellant argues that because he and his co-defendant stand in the same legal position, he (appellant) also is entitled to a new trial. For the reasons given below, we affirm the judgment.

Ciarcia and his nephew, Thomas Lanci, were indicted, along with others, for the aggravated murder (with specifications) of Danny Greene, aggravated arson and engaging in organized crime. They were tried together with John Calandra. The motion for acquittal of all three was granted by the trial court on the organized crime charge. A jury found Calandra not guilty on the remaining two charges. The appellant and Lanci were found guilty of aggravated murder and not guilty of (1) aggravated arson and (2) the specifications to the aggravated murder charge.

The appellant and Lanci appealed their convictions. On September 25, 1980, in case Nos. 39906 and 39907, we found their assignments of error to be without merit and affirmed the judgment of the trial court. On June 26, 1981, following a hearing, the trial court denied appellant's motion for a new trial based on newly discovered evidence, etc. The denial was appealed to this court. On December 4, 1981, we dismissed appellant's appeal for failure to file briefs.

Co-defendant Lanci also had appealed denial of his motion for a new trial and on February 18, 1982, we remanded his case to the trial court on a motion filed by him and agreed to by the prosecutor. At a hearing later that day, the state withdrew its opposition to Lanci's motion for a new trial and the motion was granted. The court was advised of a plea agreement signed by the county prosecutor, Lanci and his counsel. It recommended to the court that it extend relief to Lanci from final judgment by granting a new trial and accept from him a plea of guilty to conspiracy to commit involuntary manslaughter, a fourth degree felony. In return, the plea agreement provided that Lanci was to reveal to federal and state authorities information about the murder of Danny Greene and any other criminal activity of which he had knowledge. Moreover, the state agreed to recommend that Lanci's sentence be served concurrently with the sentence that Lanci was serving for a federal crime. The trial court accepted Lanci's guilty plea.

Based on the consideration given co-defendant Lanci, on March 12, 1982, appellant filed another motion for a new trial. After a hearing, it was denied. Also overruled were subsequent requests for reconsideration and further reconsideration which are the subject of this appeal.

The appellant raises one assignment of error.

### Assignment of Error

"I. The denial of appellant Ciarcia's new trial motion must be reversed because it constituted a denial to him of due process of law and equal protection of the law as guaranteed to him by the laws and Constitutions of the state of Ohio and the United States of America."

The essence of appellant's argument is that Crim. R. 33 sets out specific grounds upon which a trial court may grant a new trial; that those grounds do not include plea agreements such as the one reached in Lanci's case; and that, therefore, the new trial must have been granted on one of the grounds he and Lanci cited in their original motion for a new trial. Because he and Lanci stood in the same legal position, maintains ap-

pellant, he also should have been granted a new trial.

The state argues that the grounds for awarding Lanci a new trial were not those enumerated in Crim. R. 33. Thus, asserts the appellee, appellant's contention is not supported by reliance on that rule.

The new trial, in fact, was the direct result of the plea agreement under which Lanci was to provide information to state and federal authorities on criminal matters and to truthfully testify in any federal or state hearing relating to the murder with which he was charged. Such agreements further the ends of criminal justice, are a benefit to society and, therefore, should be viewed with favor by the courts.

In remanding the *Lanci* case to the trial court, another panel of this court indicated in its entry: "* * * (See Crim. R. 57(B)-Civ. R. 60(B). See *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157 [75 O.O.2d 250]) * * *."

Crim. R. 57(B) provides:

"If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

Clearly, no procedure is prescribed in the Criminal Rules to obtain relief from judgment in circumstances such as existed in the *Lanci* case; namely, the withdrawal of the state's opposition to a defendant's motion in consideration for cooperation in solving crimes and helping obtain convictions in connection with criminal conduct proscribed by the laws of this state.

Civ. R. 60(B) provides in part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment."

The same legal authority used by another panel of this court was advanced to the trial court by co-defendant Lanci in his motion for relief from judgment and apparently was adopted.

Under the circumstances of this case, the trial court properly exercised its discretion in granting the motion and accepting a plea of guilty to a lesser offense.

The appellant's argument that he stands in the same position as his co-defendant is not supported by the record. Clearly, he is no longer in the same position as his co-defendant. There is no claim by appellant that he was either willing or able to enter into a plea arrangement with the state.

There is neither error nor inconsistency in giving a new trial to one co-defendant and refusing it to the other co-defendant. *Marcoguiseppe* v. *State* (1926), 114 Ohio St. 299, 303. There is no merit to the contention that since the same evidence was introduced in a joint trial, both parties must have been equally affected by the evidence and, therefore, it is erroneous to give a new trial to one and not the other. *Id.* at 302.

We conclude there has been no denial of due process or equal protection of the laws to appellant. His assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.