PATTERSON, Retired Appellate Judge.
The appellant, Sandy Lewis Whitson, appeals his conviction for first-degree robbery and his sentence of life imprisonment.
The issues Whitson asserts on appeal can be understood only after a review of the unusual procedural history of this case. After three days of trial proceedings, a jury returned a guilty verdict against Whitson, on May 23, 2001, for first-degree robbery, and the trial court accepted that verdict.[1] Pursuant to that verdict and because Whitson had four prior non-Class-A felony convictions, Whitson was subject to an enhanced sentence of “imprisonment for life or life without the possibility of parole, in the discretion of the trial court.” § 13A-5-9(c)(3), Ala.Code 1975. However, on the date set for sentencing, June 25, 2001, after the trial court noted that it had not yet adjudged Whitson guilty of first-degree robbery pursuant to the jury’s verdict and had not yet sentenced Whitson, Whitson confirmed to the court that he wished to withdraw his plea of “not guilty” to first-degree robbery and plead guilty to that same offense. In exchange, the State would recommend that Whitson be sentenced, as an habitual offender, to life imprisonment rather than life imprisonment without parole. The court granted Whit-son’s request.[2] After accepting Whitson’s plea to the same offense the jury had already found him guilty of, the trial court sentenced Whitson to life imprisonment. The court further ordered that Whitson pay restitution in the amount of $1,053.35.
Thereafter, Whitson filed a motion for a new trial, in which he raised issues arising from the jury trial. He contends, on appeal, that the trial court erroneously refused, in the hearing on his motion for a new trial, to allow defense counsel to pres *621 ent any evidence of alleged errors in his jury trial on the charge to which he eventually pleaded guilty and that the trial court erroneously denied his motion for a new trial. In his post-guilty-plea motion, he was not seeking a withdrawal of his guilty plea. Rather, “what [he] was requesting was review and preservation of errors for appeal.” (Whitson’s brief, p. 9.)
Whitson points out that, during the guilty-plea proceeding, the trial court stated that Whitson was not waiving his right to a jury trial because he had already had a trial.[3] From this statement, he argues, “[a]n appellant could reasonably conclude that not having waived a jury trial, he could move for a new trial and preserve error for appeal from that trial.” (Whit-son’s brief, p. 8.) He reasons that because he had a jury trial before he pleaded guilty, he did not waive his right to a jury trial and, not having waived that right, he could raise error from that jury trial in a motion for a new trial and on appeal.
In his argument, Whitson acknowledges the general rule that a guilty plea waives all nonjurisdietional defects occurring before the plea is entered. See, e.g., Prim, v. State, 616 So.2d 381 (Ala.Crim.App.1993). He contends, however, that the facts here — that he entered a guilty plea after a jury had returned a verdict — remove this case from the ambit of the general rule. In addition to pointing out that the Alabama Rules of Criminal Procedure do not provide for the acceptance of a guilty plea after a jury verdict, he argues that public policy dictates that the waiver doctrine not apply here. He explains, as follows:
“[T]he plea, according [to] the testimony of [Whitson’s trial counsel] ..., was demanded for the sole purpose of limiting the defendant’s rights on appeal. And, indeed, there could logically be no other reason for a plea after a jury verdict. ... To allow prosecutors to cleanse the trial record of error by demanding pleas after a jury verdict takes the rule regarding waiver of defects by a plea of guilty to a new and dangerous place. If this practice is allowed by this Court and is adopted by prosecutors, this Court will be limiting its right to review error of the lower courts.”
He also argues that the trial court, by denying Whitson the opportunity to put forth any evidence of error that allegedly occurred at trial, denied him the opportunity to present jurisdictional issues on appeal.
Before we can address these specific claims, we must first determine if the trial court had the authority to allow Whitson to plead guilty after the jury had returned a guilty verdict. We begin with the following Committee Comments to Rule 14.4, Ala. R.Crim. P.:
“[I]f trial has commenced before a jury, the parties may reach a plea agreement at any time prior to return of a verdict by the jury. If such an agreement is reached and approved by the court, the court may tentatively permit a withdrawal of the plea of not guilty and may proceed to accept defendant’s plea under Rule 14.4, outside the presence of the jury. Once accepted by the court, the jury may be discharged without necessi *622 ty for submission of the agreement to the jury.”
(Emphasis added.) See also 1 Hugh Maddox, Alabama Rules of Criminal Procedure § 14.4, p. 481 (3d ed.1999) (“parties may make a plea agreement during the trial, and even after the case is submitted to the jury and before the jury has reached a verdict”). Cf. Rule 18.1(b)(4) (“If trial has commenced before a jury on a plea of not guilty, the defendant may withdraw the plea of not guilty and enter a plea of guilty, in which event the court shall proceed as provided in Rule 14.4, and it shall not be necessary that the plea or sentence be presented to, consented to, or approved by the jury, except in capital cases.”). Thus, the trial court cannot accept a guilty plea as long as the jury verdict stands.
That brings us to consideration of whether, before accepting Whitson’s guilty plea, the trial court implicitly, sua sponte, invalidated the jury’s verdict finding Whit-son guilty of first-degree robbery. Rule 24.1(c)(1) and (2) recognize that the trial court, on its own motion, may order a new trial “[flor the reason that the verdict is contrary to law or to the weight of the evidence; or ... [i]f for any other reason the defendant has not received a fair and impartial trial.” “Motions for new trial are not favored by the courts, are viewed with great caution, and are not to be granted lightly.” 23A C.J.S. Criminal Law § 1423, p. 365 (1989) (footnotes omitted). The trial court gave not even an innuendo as to the reason it rejected the jury’s verdict.
However, even more glaring a disregard for mandated procedure would be the trial court’s failure to follow the restriction in Rule 24.1(a) that the trial court may not order a new trial until “the defendant has been sentenced.” “ ‘Sentence’ means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty.” Rule 26.1(a)(2). “ ‘Judgment’ means the adjudication of the court based upon a plea of guilty by the defendant, upon the verdict of the jury, or upon its own finding following a nonjury trial, that the defendant is guilty or not guilty.” Rule 26.1(a)(1).
Therefore, assuming arguendo that the trial court implicitly, sua sponte, ordered a new trial, it did not follow the requirements of Rule 24.1, and its disregard for the jury’s verdict was not authorized. See 23A C.J.S. Criminal Law at § 1423, p. 365 (“Rules of criminal procedure relating to motions for new trial are mandatory and must be obeyed by the courts as well as by the parties.” (Footnote omitted.)). We further find that the trial court did not comply with the requirements of Rule 24.2(a), which provides for a motion for arrest of judgment “if the charging instrument does not charge an offense, or if the court was without jurisdiction of the offense charged.” The court may arrest judgment only within 30 days after sentence is pronounced. Again, the trial court’s disregard for the jury’s verdict would not have been authorized.
We know of no statute, rule of criminal procedure, or caselaw that allows the entry of a guilty plea after a jury verdict to effectively set aside the jury verdict and, for all practical purposes, nullify the guilt-phase proceeding before the jury. We have found no authority giving the trial court such unrestrained discretion. Compare State v. Ciarcia, 21 Ohio App.3d 107, 109, 487 N.E.2d 332, 333 (1984) (where a criminal rule provided that, in the event no procedure was specifically prescribed by rule, the trial court should look to the rules of civil procedure and to applicable law and where a civil rule provided that the court could relieve a party from final judgment for any reason *623 justifying relief from the judgment, the trial court properly exercised its discretion in granting a motion for a new trial after a jury verdict, and accepting a plea of guilty to a lesser offense as part of a plea agreement under which the defendant was to provide information about other crimes and to testify truthfully relating to the murder with which he was charged; the court found that “[s]uch agreements further the ends of justice, are a benefit to society and, therefore, are viewed with favor by the courts”).
Here, the trial court acted without the authority of the law. Therefore, we must reverse the trial court’s judgment finding Whitson guilty pursuant to his guilty plea. Accordingly, the jury’s verdict remains a valid and legal verdict.
‘When a defendant has been tried by a jury, the court’s judgment must be based on the jury’s verdict. Marable v. State, 229 Ala. 435, [437,] 157 So. 861[, 862] (1934) [ (‘The judgment and sentence of the court must be based on, and correspond to, a valid and legal verdict.’) ]; Stephens v. State, 22 Ala.App. 533, 118 So. 231, cert. denied, 218 Ala. 168, 118 So. 232 (1928) [ (judgment must be reversed if the judgment and sentence are not responsive to and in accord with the verdict of the jury) ].”
Committee Comments to Rule 26.1 (bracketed material added). See also Sexton v. State, 23 Ala.App. 318, 127 So. 497 (1929).
We remand this case for the trial court to follow the mandates of Rule 26.2(b):
“(1) Upon a determination of guilt[, in this case, the verdict of guilty by the jury»] judgment ... shall be pronounced and entered together with the sentence. Pronouncement of judgment may be delayed if necessary until such time as sentence can be pronounced.
“(2) Upon a determination of guilt for any felony offense, the court shall, after receipt of the presentence report, unless a presentence report is not required, conduct a sentence hearing and pronounce sentence, or shall set a date for sentence hearing and pronouncement of sentence.”
In conclusion, we remind the bench and bar of the “[pjurpose, objectives, and construction” of the Alabama Rules of Criminal Procedure, as stated in Rule 1.2:
“These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”
Allowing such a disregard for our procedural rules as exemplified here would render totally ineffective the objectives set out above. In fact, it would wreak havoc. For example, in State v. Benoit, 492 So.2d 60 (La.Ct.App.1986), after the jury entered a verdict finding Benoit guilty, the trial court granted Benoit’s motion for a new trial so that a plea agreement could be implemented. However, during the guilty-plea proceeding, Benoit refused to acknowledge his guilt. The trial court did not accept his plea and sentenced him pursuant to the jury’s verdict. The appellate court held that the sentence was void and remanded the case for a new trial, stating, “Since the jury verdict was set aside by the now final order granting the new trial, the trial court was without authority to impose a sentence. La. C. Cr. P. art. 857. To be valid, a sentence must rest upon a valid and sufficient verdict or plea of guilty.” Id. at 61.
Even more illustrative of the quagmire that can result from a disregard for procedural rules is State v. Kelly, (No. *624 55905)(Ohio Ct.App., Nov. 2, 1989)(unpub-lished),[4] the facts of which are remarkably similar to those of Whitson’s case. In Kelly, after a jury had entered a verdict finding Kelly guilty of murder, the trial court accepted Kelly’s guilty plea to voluntary manslaughter entered pursuant to a plea agreement. On appeal, Kelly raised issues relating to his murder trial without directly challenging his conviction for manslaughter pursuant to his guilty plea, and the prosecution contended that Kelly’s plea effectively waived all claims pertaining to his trial and that only the appeal from his guilty plea and conviction was before the appellate court. That court vacated Kelly’s guilty plea, reversing his conviction, remanded for sentencing on the jury verdict, and stated that Kelly could raise his jury-trial issues in an appeal from his murder sentence. The court based this action partly on its finding that Kelly’s plea of guilty to manslaughter was illegally induced by the jury’s guilty verdict of murder and the prosecutor’s tactful use of it. The court noted, “In fear of losing the jury’s verdict, on appeal, the prosecutor used the guilty verdict to coerce [Kelly] into pleading to the lesser offense of voluntary manslaughter.” Id The court further predicated its action on its finding, after reviewing the jury trial for possible ap-pealable issues, that Kelly had unknowingly waived fundamental appeal rights.
If we were to allow such maverick procedure, outside our rules of procedure, we would be permitting the nullification of a jury verdict, without just cause, only to have a subsequent guilty plea set aside, thus necessitating another trial. Jury verdicts would be unnecessarily vulnerable to possible claims of double-jeopardy violations. We would be encouraging defendants to seek “two bites at the apple,” i.e., to pursue the chance of an acquittal and, if convicted, to pursue plea bargaining with the prosecution. Moreover, postverdict plea bargaining could encourage impermissible inducements or pressures to plead. In turn, the trial courts and this court would receive an entirely new plethora of claims attacking guilty pleas. For example, the trial court might be called to review, without a transcript, the underlying trial for appealable errors to determine if the defendant, by pleading guilty, was unknowingly waiving valuable appellate rights or to determine if defense counsel was ineffective in advising the defendant to plead guilty. Plea bargaining serves the important function of alleviating some of the burdens placed on prosecutors and the courts by reducing the number of cases to be tried and appealed. However, postver-dict plea bargaining would not serve this function; it would only increase the burdens of the prosecutors, the trial courts, and the appellate courts. Without question, permitting postverdict guilty pleas pursuant to plea bargaining would only thwart just and speedy proceedings, simplicity in procedure, fairness, and elimination of unnecessary delay and expense. It would not necessarily protect the rights of the individual or preserve the public welfare.
“[0]rderly procedure and regulated methods, in the indictment, trial, and conviction or acquittal of those charged with crime, must be preserved — otherwise, we would drift into chaos.... ” McGee v. State, 22 Ala.App. 500, 500, 117 So. 487, 488 (1928). We find the following apropos here: “It is incumbent upon the parties to *625 strictly adhere to our clearly articulated rules of procedure. Procedural rules do nothing if they do not establish uniformity upon which all participants in the legal system can rely.” Trujillo v. Serrano, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994).
The trial court is “ ‘to avoid unreasonable or undue departures from [the] mode of trial [by a jury] or from any of the essential elements thereof....’” Singleton v. State, 288 Ala. 519, 522, 262 So.2d 768, 772 (1971), quoting Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930). This duty was not exercised in this case.
Accordingly, the judgment of the trial court is reversed, and this case is remanded.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. This was Whitson's second jury trial on this indictment. The first resulted in a mistrial after the jury was unable to reach a verdict.

. The trial court’s sentencing order states the following in regard to its adjudication of Whitson's guilt:
"On May 23, 2001, a duly empaneled jury returned a verdict finding the defendant, Sandy Lewis Whitson, Guilty of Robbery in the 1st Degree as charged in the Indictment.
"The defendant and counsel ... and counsel for the State of Alabama ... appeared in open court for the defendant to be sentenced on his conviction for Robbery, 1st Degree. The defendant, before adjudication, changed his plea from Not Guilty to Guilty, and entered his plea of Guilty to the charge of Robbery in the 1st Degree. The Court hereby adjudicates the defendant Guilty of Robbery in the 1st Degree.”

. The trial court stated, "Most of those explanation of rights or waiver of your rights [set out in the form similar to that approved in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971)] were as to a trial but you have already had a trial.” The court did not thereafter advise Whitson of his rights. The court further stated, “Now, you have not done that [waived your right to a trial in this case;] you had a trial. So, you have not waived that right, but you are going to enter a plea of guilty now, as has been made known to the Court.”

. We note that, under the Ohio Supreme Court Rules, this opinion has no weight of legal authority. However, we are not relying on it for its precedential value, but merely as an example of the multitude of problems arising from the acceptance of a guilty plea after a jury verdict of guilty.